### THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK v. CHANNING B. EWING. (three cases).

10 So. (2nd) 316                                        Division A
November 3, 1942          Rehearing Denied November 20, 1942

Charles Cook Howell, Charles Cook Howell, Jr., & Louis W. Dawson (New York City) for appellant.

L. W. Duval and James M. Smith, Jr., for appellee.

BUFORD, J.:

We consider appeals in these cases as per caption. They all involve the same question and must result alike. Each arises out of a separate indemnity policy of insurance for total and permanent disability.

The dates of the execution of the policies and the effective dates of the disability benefits are immaterial here.

The cases were tried together on one record but verdicts and judgments were rendered separately as to each policy.

The record shows conclusively that insured became permanently and totally disabled within the purview of each of the policies from and after July 1931. That the insurer recognized the existence of such permanent and total disability and paid according to the terms of each policy until the month of October, 1940, when it discontinued the payments of benefits and demanded the resumption of the payments of premiums. Then insured, to keep the several terms of the policy in force and to prevent forfeiture of his rights under the policy, resumed the payment of premiums under protest.

We might well enter a per curiam affirmance of the judgments in these cases and close the record here, but it occurs to us that the contention of the appellant indicates a lack of a clear conception as to the applicable rule as to burden of proof as here involved.

If and when an insured makes his initial claim for indemnity under a policy such as these, the burden of proof is on the insured to show that he comes within the purview of the terms of the policy; that he is totally and permanently disabled. If he has been entitled to the benefits of the policy and receives such and thereafter, while receiving such benefits, so recovers as to no longer be entitled to the benefits and thereafter, for any reason, shall again become entitled to the benefits, the burden is again on him to establish that second or subsequent disability, exists the same as it was to establish the first. The rule as to such cases is too well settled to require citation of authorities.

Where, however, it is established, as in this case, that a permanent and total disability existed within the purview of the policy and the insurer seeks relief from continuation of payment of indemnities theretofore paid under and within the purview of the policy the burden is on the insurer to establish by the preponderance of the evidence that the condition of the insured is such that he no longer comes within the purview of the policy in this regard. See New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50; Devoe v. The Mutual Life Ins. Co. of New York, 103 Mont. 599, 64 Pac. (2nd) 1071.

We are unable to say that it is clearly made to appear that the insurer met this burden and thereby sustained his twelfth plea which was as follows:

"12. The policy of insurance upon which this suit is founded provides that 'If the insurer shall at any time so recover that the payment of Disability Benefits terminates and later shall furnish due proof that he has again become totally and permanently disabled, Disability Benefits shall be subject to the same conditions as if no prior disability had existed.'

"By October of 1940 the Insured so recovered that the payment of disability benefits terminated. Later he did not furnish due proof that he has again become totally and permanently disabled."

We next consider whether or not the lower court erred in allowing judgment including the amount of payments to the Company as premiums which were required by the insurer when it discontinued the payments of disability benefits. The record shows that the insurer notified the insured as follows as to each policy:

"Notice is hereby given that in accordance with the terms of the policy the undermentioned premium will become due and payable as stated below to The Mutual Life Insurance Company of New York.

"Unless the premium so dúe shall be paid to this Company or to its duly appointed agent or person authorized by it to collect the same, on or before the date mentioned below or within the 31 days grace period thereafter, the policy and all payments thereon will become forfeited and void, except as to the right to a surrender, value, paid-up policy, or continued term insurance when provided for by statute or in the policy.

Said premium is payable at the office of The Mutual Life Insurance Company of New York, The Lynch Building, Main and Forsyth Sts., Room 715, Jacksonville, Fla.   J. P. McNeil, Manager.

| "Date Due | Policy Number | Amount of |
|-----------|---------------|-----------|
| 1940 Oct. 29 | 3715,193 | Premium |
|           |               | $144.55 |

Channing B. Ewing,
East Lake
Fla.                                A

(Over)

"Please Return This Notice When You Pay The Premium." and also wrote the insured as follows:

"We enclose herewith usual premium notice notwithstanding the fact that consideration is being given to your claim for waiver of payment of this premium.

"This premium should be paid within the days of grace, in order to protect the policy unless prior to

the expiration of the grace period you receive official notice that premium has been waived. If the premium is paid and later waived by the Company, prompt refund will be made. In this connection we would suggest that you give prompt attention to any papers concerning your claim which may have been forwarded you for completion."

It is contended that the recovery of premiums paid subsequent to discontinuance of disability payments was not warranted for the reasons stated as to a like contention in the case of New York Life Ins. Co. v. Lecks, supra, wherein we said:

"While the decision in the case by the jury upon the evidence submitted was against the company on the question of the insured's recovery from total disability, the attitude of the company was most reasonable. Its judgment, from the evidence submitted, could not be said to have been wholly without support. It was in no sense arbitrary, wilful or capricious. Its future liability in the circumstances under the disability clauses was a justiciable question which the company had a right under the Constitution and laws of the State to submit to the courts for adjudication.

"The company's demand in the circumstances for the resumption by insured of premium payments cannot be said to be unreasonable, arbitrary or coercive.

"The insured would have in no-wise prejudiced his position in law by refusal to pay the premium. His payment of the premium was, therefore, optional and voluntary. In such case the insured was not entitled to recover the insurance premium of forty-five dollars and forty-six cents, thus voluntarily paid by him to the company. See 21 R.C.L. p. 151, 142."

We think this case is to be differentiated from the Lecks case, supra, as was the case of Pacific Mutual Life Ins. Co. v. McCaskill, 126 Fla. 82, 170 So. 579, in which our present Chief Justice, speaking for the Court, discussed the Lecks case and other cases and, inter alia, said:

"We think the same conclusion might well be reached in this case, especially in view of the provisions of the policy above mentioned, which were life insurance policies. The Insurance Company in this case stopped the payments of benefits and demanded the payment of premiums and threatened the forfeiture of the policies if the premiums were not paid without first complying with that provision of the insurance contract which required them to give the insured an opportunity to furnish due proof of his right to the continuance of the benefits before taking such drastic action. This provision alone, aside from some other features of the case, distinguishes this case from New York Life Insurance Co. v. Lecks, supra.

"It must be remembered in this connection that here the power to refuse the demand for payment of premiums is not by suit at law, where the insurer can defend against demand, but the demand is accompanied by the power to declare the life insurance policy lapsed or forfeited if the insured does not pay and is unsuccessful in establishing his right to the waiver. The parties do not treat with each other on equal terms. If the insured refuses to pay the premium and is unsuccessful in establishing his right to waiver or premium, he loses not the money demanded in the form of premiums, but he loses his life insurance policy. When, as stated in the Lecks case,

the person making the payment can only be reached by a proceeding at law, he is bound to make his defense in the first instance, but the situation here does not present a case where the person making the payment can only be reached by a proceeding at law, for generally no suit at law is brought to enforce payments of life insurance premiums and the insured is not given an opportunity to present his defense to the demand for payment in a proceeding at law. Furthermore, when the insured pays the premiums under protest and immediately or shortly thereafter sues to recover them, the insurance company is not injured or embarrassed by the lapse of time, or the damage of losing the evidence upon which it relies to sustain its claims for the payment of premiums. The compulsion that prompts the payment of premiums in such a case as the one before us is the fact that the right to waiver depends upon a disputed question of fact which, if determined against the insured, would result, if he did not pay the premiums, in the loss of valuable property right contingent upon such payment, that is the continuance in full force of his life insurance policy. For the reasons above pointed out, we hold that the recovery of the premiums paid under protest, under the circumstances alleged in the declaration and proven by the evidence, was authorized and that the rulings of the trial court in that connection are free from reversible error."

This case is even stronger than the McCaskill case because in this case the Insurer in its letter, supra, said:

"If the premium is paid and later waived by the Company, prompt refund will be made."

The judgment against the insurer is tantamount to a waiver of the payment of further premiums because it requires just that so long as the condition of the insured is unchanged.

We hold this case is in this regard ruled by our opinion and judgment in the McCaskill case, supra, and cases there cited.

While some technical errors may be revealed by the record, we find no such error as will require the reversal of either of the several judgments when we apply the provisions of Sec. 54.23, Florida Statutes, 1941.

It is, therefore, ordered that the judgments shall stand affirmed.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.