CARROLL, Judge.
The appellant Emanuel M. Fruchter, as insured under a policy issued by the appel- *62 lee providing for certain monthly payments for total disability, filed an action against the insurer alleging he became totally disabled January 1, 1966; that the insurer made the required monthly benefit payments therefor until May 1, 1969; and that on the latter date the insurer terminated payment. The insured sought recovery of the unpaid monthly disability benefit payments under the policy.
The evidence was in conflict on the issue, material to a determination of the case, of whether the total disability of the insured, as previously recognized and acted upon by the insurer, had ceased to exist so as to have entitled the insurer to terminate payments, or continued so as to require such payments. Jury verdict was rendered in favor of the defendant insurer. Judgment was entered thereon, and the plaintiff appealed.
 At the trial a due and timely request was made to the court, on behalf of the plaintiff, to give a charge to the jury, the wording of which was sufficiently in conformity to the law pronounced in New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50, 54, and Mutual Life Ins. Co. of New York v. Ewing, 151 Fla. 661, 10 So.2d 316, 317-318, that the insurer had the burden of establishing by the greater weight of the evidence “that the insured was and is able to engage in an occupation for remuneration or profit and that total disability within the insurance policy had ceased.” That requested charge of the plaintiff was refused by the court. Instead a charge given by the court placed the burden on such issue upon the plaintiff insured.
The appellant contends, and we agree, that in refusing the requested charge the trial court committed error. The challenged ruling of the court thereon was contrary to the applicable law as pronounced in the Leeks and Ewing cases. Because the evidence on the issue was in conflict, the error cannot be regarded as harmless.
In New York Life Ins. Co. v. Lecks, supra, the plaintiff held two policies issued by the defendant insurer, containing disability benefit clauses under which the company agreed to pay the insured a certain amount each month and to waive payment of premiums if the insured became wholly and permanently disabled before he became sixty years of age. The insured became wholly disabled by bodily injuries. In recognition thereof the company paid monthly disability benefit payments as provided for in the policy for approximately two years. The insurer then ceased payment and demanded resumption of payment of premiums by the insured. Thereafter the plaintiff insured, as in the present case, filed an action against the insurer to recover the omitted benefit payments. Judgment was rendered in favor of the plaintiff and the defendant insurer appealed. The judgment was affirmed, conditioned on a remittitur imposed by the Supreme Court on a portion of the attorney fees allowed by the trial court, which the court found to be excessive. In the opinion in that case, where, as above stated, the action was one filed by the insured, the Supreme Court held it was the burden of the insurer to establish the insured’s recovery to an extent which would preclude Miis right to continue to receive the monthly disability payments under the policy, viz:
“In this case there was no question of law as to the company’s liability under the policy, assuming that the total disability of the insured had not ceased; that is to say, assuming that he had not recovered from his injuries to the extent that he was able to engage in any occupation for remuneration or profit. There was only a question of fact. The burden was upon the company to establish the insured’s recovery to the degree of ability enabling him to engage in an occupation for profit or remuneration.
That holding was followed by the Supreme Court in Mutual Life Ins. Co. of *63 New York v. Ewing, supra. That was a similar case. The insured became permanently and totally disabled within the purview of each of three policies providing for monthly payment of benefits therefor. In recognition thereof the insurer made such payments for a number of years, after which it discontinued the payments and demanded resumption of premium payments. In the actions which followed involving the policies, judgment was entered in favor of the insured. The insurer appealed, and the Supreme Court affirmed. Therein, for the apparent purpose of stating and clarifying the law relating to the burden of proof of disability on the one hand when initially claimed by such an insured, and on the other hand when payments are discontinued for claimed termination of such disability, the Supreme Court said:
“We might well enter a Per Curiam affirmance of the judgments in these cases and close the record here, but it occurs to us that the contention of the appellant indicates a lack of a clear conception as to the applicable rule as to burden of proof as here involved.
“If and when an insured makes his initial claim for indemnity under a policy such as these, the burden of proof is on the insured to show that he comes within the purview of the terms of the policy; that he is totally and permanently disabled. If he has been entitled to the benefits of the policy and receives such and thereafter, while receiving such benefits, so recovers as to no longer be entitled to the benefits and thereafter, for any reason, shall again become entitled to the benefits, the burden is again on him to establish that second or subsequent disability, exists the same as it was to establish the first. The rule as to such cases is too well settled to require citation of authorities.
“Where, however, it is established, as in this case, that a permanent and total disability existed within the purview of the policy and the insurer seeks relief from continuation of payment of indemnities theretofore paid under and within the purview of the policy the burden is on the insurer to establish by the preponderance of the evidence that the condition of the insured is such that he no longer comes within the purview of the policy in this regard. See New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50; DeVore v. Mutual Life Ins. Co. of New York, 103 Mont. 599, 64 P.2d 1071.”
For the reason assigned the judgment is reversed, and the cause remanded for a new trial.