PEARSON, Judge
(dissenting).
The instruction given by the trial court was Florida Standard Jury Instruction Number 3.7. The instruction requested by the appellant was as follows:
“In an action for disability benefits under an insurance policy such as we have in this case, the insurance company has the burden of establishing by the greater weight of the evidence that the insured was and is able to engage in an occupation for remuneration or profit and that total disability within the insurance policy had ceased.”
The court did not, in my view, commit reversible error when it denied the requested instruction which reads as though the initial burden of proof was upon the defendant. The law as established in New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50 (1935), and Mutual Life Ins. Co. of New York v. Ewing, 151 Fla. 661, 10 So.2d 316 (1942), could well have been the basis for a proper instruction upon a presumption arising from facts established.