283 So.2d 36 (1973)
The AETNA LIFE INSURANCE COMPANY, INC., Petitioner,
v.
Emanuel M. FRUCHTER, Respondent.
No. 42944.
Supreme Court of Florida.
August 2, 1973.
Rehearing Denied October 10, 1973.
*37 James E. Tribble, of Blackwell, Walker, Gray & Powers, Miami, for petitioner.
Joseph C. Brannen, Miami, for respondent.
DEKLE, Justice.
Review by certiorari is sought of the Third District's decision at 266 So.2d 61; the petition urges conflict with Rigot v. Bucci, 245 So.2d 51 (Fla. 1971). We fail to find conflict and accordingly discharge the writ as improvidently issued.
This Court's standard jury instructions (in this instance 3.7 on weight of the evidence), while to be generally followed where applicable, are not intended to change the substantive law applicable to the case. This is the essence of the problem here.
The synthesis forming the basis for this review was the trial court's refusal to give plaintiff's requested instruction[1] that the defendant insurance company had the burden of proof to show that total disability had ceased, in the instance where the company had previously acknowledged the existence of total disability and then had terminated disability payments. The authority for such request was our earlier holding in New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50 (1936), and the subsequent Mutual Life Ins. Co. v. Ewing, 151 Fla. 661, 10 So.2d 316 (1942), to the effect that once the insurer has acknowledged such disability by proceeding to make disability payments under the policy, then in a suit upon a discontinuance thereof and demand for resumption of premium payments, the burden is cast upon the insurer to prove that the disability no longer continues. The language variation in the policy here and in Lecks and Ewing does not in our judgment change the principle applying.
We uphold the Third District's correct application and continued viability as a *38 matter of substantive law of the holdings in Lecks and Ewing and the district court's reversal and remand of the cause for a new trial.
Rigot, asserted for conflict, merely clarified the quantum of proof in an action for fraud to be the same as in any other claim and no longer to require the higher degree of proof than the greater weight of the evidence. Here the question is upon whom the burden of proof falls; in Rigot it was the degree of proof required of such party, there being no question of who had the burden. There is no conflict.
It is urged that the jury should have been instructed regarding a "presumption" of continuing disability but still charge that plaintiff must prove such continuing disability by the greater weight of the evidence. Such is not the law as set forth in Ewing.
Matters of "presumption" arising from the evidence are usually for the court in determining whether or not there is a sufficient basis for submitting the case to a jury as a matter of law. A jury is guided by the weighing of the evidence on the issues which is its principal function. Submitting instructions regarding "presumptions" might well lead to improper speculation by a jury; it should instead be instructed with regard to the weight of the evidence in accordance with standard jury instructions for its guidance in this respect, consistent, however, with applicable substantive law.
The use of the word "burden" in the rejected instruction might better have been deleted and instead to have charged that the insurance company "must establish by the greater weight of the evidence", etc. Or, alternatively, transposing the position of the parties as set forth in the standard jury instruction 3.7 would afford a similar result, placing the "burden" upon the insurer in these circumstances. But given as they were, the instructions improperly cast the burden upon the insured, contrary to the doctrine announced in Lecks and Ewing.
After a full consideration and arguments heard in the cause we have determined that the writ of certiorari was improvidently issued and accordingly the writ is hereby
Discharged.
CARLTON, C.J., and ERVIN and McCAIN, JJ., concur.
BOYD, J., dissents with opinion.
ROBERTS and ADKINS, JJ., dissent.
BOYD, Justice (dissenting):
I dissent.
Respondent, plaintiff below, was insured by petitioner, defendant below, under a policy providing for monthly payments for total disability. After respondent was injured, petitioner began making payments under the policy until May 1, 1969, at which time petitioner discontinued payments. The respondent sought recovery of the unpaid disability payments in the Circuit Court. At the conclusion of the evidence, respondent requested the following jury instruction:
"In an action for disability benefits under an insurance policy such as we have in this case, the insurance company has the burden of establishing by the greater weight of the evidence that the insured was and is able to engage in an occupation for remuneration or profit and that total disability within the insurance policy had ceased."
This instruction was refused, and the judge gave the following charge to the jury:
"The issues for your determination on the claim of the plaintiff Emanuel Fruchter against the defendant Aetna Life Insurance Company are, first, whether the plaintiff Emanuel Fruchter, *39 in May, 1969, was totally disabled because of injury or disease from engaging in any occupation or performing work of any kind anywhere for compensation or profit, and second, whether, if he were so disabled, such disability has been continuous thereafter, that is, without interruption until the present time."
"If you find that the greater weight of the evidence does not support the claim of plaintiff Emanuel Fruchter on each of these two issues, then your verdict should be for the defendant."
"If, however, you find that the greater weight of the evidence does support the claim of the plaintiff on each of these issues, then your verdict should be for the plaintiff."
"The greater weight of the evidence means the more persuasive or convincing force and effect of the entire evidence in the case."
Subsequently, a jury verdict was rendered in favor of the petitioner.
The charge actually given by the trial court was fully in accord with Florida Standard Jury Instruction 3.7:
"If the great weight of the evidence does not support the claim of (claimant), then your verdict should be for (defendant). [However, if the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant).]"
In commenting upon the use of this new instruction, the Supreme Court Committee on Standard Jury Instructions further amplified the scope of its application:
"`Preponderance of evidence' and `burden of proof'. The committee recommends that no charge be given using these terms, which are considered not helpful to a jury and not necessary in a charge that otherwise defines `greater weight of the evidence' (3.9) and instructs the jury on the consequences of its determining that the greater weight of the evidence supports or does not support the claim or defense of a party."[1]
The District Court relied upon New York Life Ins. Co. v. Lecks,[2] and Mutual Life Ins. Co. v. Ewing,[3] and reversed and remanded for a new trial, holding that because the evidence was in conflict, the instruction that the petitioner had the burden of proof was in conformity with these two prior cases:
"[T]he wording of ... [the requested charged] was sufficiently in conformity to the law pronounced in New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50, 54, and Mutual Life Ins. Co. of New York v. Ewing, 151 Fla. 661, 10 So.2d 316, 317-318, that the insurer had the burden of establishing by the greater weight of the evidence `that the insured was and is able to engage in an occupation for remuneration or profit and that total disability within the insurance policy had ceased.'"[4]
While the District Court majority correctly construed the holdings of Lecks and Ewing, I feel that the correct application of those holdings was expressed by Judge Pearson in his dissenting opinion, and that said application should be controlling in this case:
"The court did not, in my view, commit reversible error when it denied the requested instruction which reads as though the initial burden of proof was upon the defendant. The law as established in New York Life Ins. Co. v. *40 Lecks, 122 Fla. 127, 165 So. 50 (1935), and Mutual Life Ins. Co. of New York v. Ewing, 151 Fla. 661, 10 So.2d 316 (1942), could well have been the basis for a proper instruction upon a presumption arising from facts established."[5]
The principle followed in Lecks and Ewing was that trial courts were to instruct juries that when they found that an insurance company had voluntarily paid monthly benefits based upon total disability, the burden of proof was upon the insurance company to establish that the insured had recovered to the extent that he was no longer entitled to the benefits payable.
In Rigot v. Bucci,[6] the District Court of Appeal, Fourth District, had affirmed a money judgment in favor of the plaintiff in an action for fraud. The trial court had, over the defendant's objection, instructed the jury the plaintiff had "... [the] burden of proving by [a] preponderance of [the] evidence ...", that the defendant was guilty of fraud. This Court granted certiorari based on conflicting decisions regarding the quantum of proof in cases involving fraud. We resolved the question by holding that "... only a preponderance or greater weight of the evidence is required to establish fraud, whether the action is at law or in equity."[7]
This Court then directed its attention to the propriety of the jury instruction in the case before it, in which the trial judge had used the terms "burden of proof" and "preponderance of the evidence". In dealing with this issue, this Court referred with approval to the Standard Jury Instructions, and stated:

"The committee on standard jury instructions recommended that no instruction be given using the terms `preponderance of evidence' and `burden of proof' as they are considered not helpful to a jury. As a result, the standard jury instructions use the term `greater weight of the evidence.' See Standard Jury Instructions Nos. 3.4, 3.5, 3.7. Standard Jury Instruction No. 3.9 reads as follows:"
"`"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.'"[8]
The emphasized portion of the foregoing language clearly and unequivocally reflects this Court's approval of the committee's recommendation that no instruction be given using either the term "burden of proof" or "preponderance of the evidence." It therefore follows that the District Court's majority opinion, reversing a judgment on the sole ground that the trial judge refused to give a requested instruction on burden of proof, is erroneous under the Standard Jury Instructions as expressly approved by this Court in Rigot.[9]
Modern rules of procedure and evidence enable judges and juries to learn and weigh all of the facts in their pursuit of truth and justice. Similarly, the adoption of the Florida Standard Jury Instructions was an important step towards achieving a greater uniformity and efficiency in our courts. While I recognize that, in some *41 instances, specific instructions may be required, nevertheless, whenever the ends of justice will so permit, the Florida Standard Jury Instructions should be followed. I feel that Lecks and Ewing have been superseded by the Florida Standard Jury Instructions and Rigot v. Bucci, supra, and these two former cases are no longer controlling.
In a case such as that sub judice, it should be left to a jury to weigh all of the evidence. The record reveals that the petitioner relied upon a naturopath's report in starting the payments, and that the petitioner stopped the payments because it was subsequently advised by a medical doctor that the respondent was not then eligible for compensation under the policy. At trial, obviously, there was conflicting medical testimony. These and other such matters should be considered by the jury, and a decision based upon "[the] greater weight of the evidence" should be made in each case.
In sum, I must agree with dissenting Judge Pearson, who noted that, while Lecks and Ewing could well form the basis for an additional proper instruction as to a presumption arising from facts established, it is difficult to see how a trial judge can commit reversible error when, in instructing the jury, he relies precisely upon the Florida Standard Jury Instructions, previously adopted by this Court. The use of the Florida Standard Jury Instructions is preferred, and the decision, in those appropriate cases where the standard instructions are erroneous or inadequate, to amend them or give some other instruction which adequately instructs the jury in the circumstances of the case, is clearly within the sound judicial discretion of the trial judge.[10] The circumstances in the instant case indicate that the trial judge committed no abuse of discretion in his refusal to depart from the standard instructions.
I therefore dissent.
NOTES
[1] "In an action for disability benefits under an insurance policy such as we have in this case, the insurance company has the burden of establishing by the greater weight of the evidence that the insured was and is able to engage in an occupation for remuneration or profit and that total disability within the insurance policy had ceased."
[1] Florida Standard Jury Instruction 3.7, Note on Use 2. See also Florida Standard Jury Instruction 3.9, and Note 1 thereon.
[2] 122 Fla. 127, 165 So. 50 (1936).
[3] 151 Fla. 661, 10 So.2d 316 (1942).
[4] 266 So.2d at 62.
[5] Id. at 63.
[6] 245 So.2d 51 (Fla. 1971).
[7] Id. at 53.
[8] Id. (Emphasis supplied.)
[9] The requested instruction, which included the phrase "burden of establishing by the greater weight of the evidence," is certainly the equivalent of the proscribed phrase "burden of proof." See note 1, supra.
[10] See Lynch v. McGovern, 270 So.2d 770 (Fla.App. 4th 1972), cert. dismissed, 277 So.2d 786 (Fla. 1973), reh. denied.