585 So.2d 474 (1991)
PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Formerly Bankers Life Company, a Foreign Corporation, Appellant,
v.
Tim MARTIN, Appellee.
No. 90-2335.
District Court of Appeal of Florida, Third District.
September 10, 1991.
Shutts & Bowen, and John T. Kolinski, and John E. Meagher, Miami, for appellant.
John J. Spiegel, and Karen J. Haas, Miami, for appellee.
Before FERGUSON, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellant, Principal Mutual Life Insurance Company, (Principal) appeals a jury verdict entered in favor of appellee, Tim Martin (Martin). We affirm.
Martin purchased an insurance policy from Principal. The policy provided benefits for Martin in the event he became totally disabled. The policy defined "total disability" as:

*475 [T]he complete inability of the Insured due to Injury or Sickness to perform any and every duty pertaining to an occupation (as defined herein) for remuneration or profit. During the Insured's Regular Occupation Period defined above [the first twenty-four months of total disability], the word "occupation" as used in this definition of Total Disability means the Insured's regular occupation. Thereafter the word "occupation" means any occupation for which the Insured is reasonably fitted by education, training or experience with due regard to his Earned Monthly Income at the time Total Disability commenced.
Martin suffered injuries, and as a result, was unable to continue working as a police detective. Martin filed a claim and received payments from Principal. After the first twenty-four months, Principal discontinued payments. Martin filed suit and a trial followed.
Principal contends that it was entitled to a directed verdict, because there was insufficient evidence that Martin was totally disabled under the policy's definition. Martin asserts that the jury had sufficient evidence on which to base its verdict, because any income from employment he could secure would not have been comparable to that of his previous employment. Thus, Martin argues, he was totally disabled under the policy's definition.
Further, Principal Mutual continued to make payments to Martin fourteen months after the initial twenty-four month period, which amounted to an acquiescence in Martin's claim of disability. Afterwards it was Principal Mutual's burden to show, with due regard to income earned at the time of the accident, that Martin's total disability no longer continued. Aetna Life Insurance Co. v. Fruchter, 283 So.2d 36 (Fla. 1973). It was a jury question, on which the evidence was conflicting, whether Martin would have been able to earn $45,000 per year  his earnings at the time of injury  in any occupation he was reasonably fitted to perform by education, training or experience.
A defendant is entitled to a directed verdict where, upon considering the evidence in a light most favorable to the plaintiff, "there is no evidence upon which the jury could lawfully have found a verdict for the plaintiff." Jones v. City of Hialeah, 368 So.2d 398 (Fla. 3d DCA), cert. denied, 378 So.2d 346 (Fla. 1979); see also Guzman v. Faraldo, 373 So.2d 66 (Fla. 3d DCA 1979), cert. denied 383 So.2d 1195 (Fla. 1980). We find sufficient evidence for the jury to return a verdict finding him totally disabled under the policy's definition.
Accordingly, we affirm.