[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 98-5500 & 99-4028

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 13, 2003
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-08627-CV-DMM

AUDREY SHAPS,

Plaintiff-Appellant,

versus

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, et al.,

Defendant-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(January 13, 2003)**

Before EDMONDSON, Chief Judge, MARCUS, Circuit Judge, and RESTANI*,
Judge.

_____

*Honorable Jane A. Restani, Judge, United States Court of International Trade,
sitting by designation.

MARCUS, Circuit Judge:

This is an appeal from a jury verdict in favor of two insurers and against appellant Audrey Shaps, who asserts that the insurers breached a disability insurance contract to which they and she were parties. We first considered the case in early 2001, but we found that ambiguities in Florida law prevented us from reaching a conclusive determination as to one of the issues raised by Shaps. In particular, we were unable to decide whether the district court erred as a matter of state law by placing the burden of proof as to the existence of appellant's disability on appellant.

Accordingly, we certified to the Florida Supreme Court two questions. See Shaps v. Provident Life & Accident Ins. Co., 244 F.3d 876, 878 (11th Cir. 2001). Specifically, we asked:

1. Is the burden of proof rule recognized in Fruchter v. Aetna Life Insurance Co., 266 So. 2d 61 (Fla. 3d Dist. Ct. App. 1972), cert. discharged, 283 So. 2d 36 (Fla. 1973), part of the substantive law of Florida, such that it would not be applied in a case where under Florida's doctrine of lex loci contractus the substantive law of another state (New York) governs the parties' contract dispute?

2. Would requiring the insured to prove disability in this context violate the public policy of Florida, such that the burden of proof must be placed on the insurer? See Gillen v. United Services Automobile Ass'n, 300 So. 2d 3 (Fla. 1974).

Id.

The Florida Supreme Court has now responded to our certified questions, answering the first question in the negative and declining to reach the second question. See Shaps v. Provident Life & Accident Ins. Co., 826 So. 2d 250, 254-55 (Fla. 2002). Based on the Court's answer to our first question, we conclude that the district court's placement of the burden of proof on the insured in this case was error. Consequently, we vacate the district court's entry of judgment in favor of Provident Casualty on the breach of contract claim and remand for further proceedings consistent with this opinion.[1]

## I.

The facts and procedural history of the case are straightforward. In June 1987, Defendant Provident Life and Casualty Insurance Company ("Provident Casualty") issued an individual disability policy to Plaintiff Audrey Shaps, who at the time resided and worked in New York. Shaps first submitted a claim for disability benefits on or about July 29, 1989, asserting that the nature of her disabling sickness or injury was "TMJ syndrome" (temporal mandibular joint disorder). Shaps subsequently submitted additional claim forms to Provident Casualty's New York office, and thereby continued to receive benefits. On

---

[1]We note, however, that the remainder of our earlier opinion is not affected.

3

September 7, 1990, Provident Casualty made a final payment to Shaps, as it determined that there was no evidence of continuous total disability as defined by her policy.

On December 15, 1994, Provident Casualty received from Shaps notice of a new claim for disability benefits, in which she stated that the nature of her disabling sickness or injury was breast cancer and TMJ syndrome, and that she had been disabled as a result of this illness since October 24, 1994. Provident Casualty initially paid benefits on this claim, but stopped doing so in May 1995, based on a claim form submitted by Shaps's physician which indicated that Shaps was no longer totally disabled. After receiving additional information, however, Provident Casualty sent Shaps a benefit check representing benefits from May through September 1995. Shaps did not submit claim forms to Provident Casualty for the period spanning September 8, 1995 to April 6, 1996, and Provident in turn sent no payments for that period.

Shaps filed this lawsuit on September 18, 1995 in the Circuit Court for Palm Beach County, Florida, against Provident Life and Accident Insurance Company ("Provident Accident"), and the case was subsequently removed to the Southern District of Florida. As amended, Shaps's complaint eventually alleged three separate counts for breach of contract and specific performance against Provident

4

Accident and Provident Casualty, and a count for intentional infliction of emotional distress against both defendants. Provident Accident and Provident Casualty moved for summary judgment on all counts, and the district court granted the motion in part. Specifically, it dismissed the count for intentional infliction of emotional distress, and ruled that in the event Shaps prevailed at trial she would have no claim for attorneys' fees pursuant to Florida law. Shaps thereafter amended her complaint to seek disability benefits from October 1990 through the date of trial.

The policy at issue contains a clause providing that no action on the policy may be brought more than three years after the time proof of loss was required. Provident Casualty first discontinued payments in 1990, and Shaps brought suit five years later in 1995. Under New York law, which governs the contract, the limitations period for an insurance policy such as this one begins upon the termination of the disability. Accordingly, the district court ruled that Shaps's breach of contract claim (which related to the cessation of benefits in September 1990) would be time-barred unless she could prove that she was continuously disabled from October 1990 through October 24, 1994 (when Shaps alleged that a new period of disability, for breast cancer as well as TMJ syndrome, commenced).

The case went to trial in August 1998 on the breach of contract and specific performance counts against Provident Accident and Provident Casualty. At trial, Provident Casualty presented evidence that Shaps was not continuously disabled during the 1990-94 period. In particular, Provident Casualty pointed to evidence that during this time Shaps moved to Florida, arranged a mortgage, sold an apartment in New York, filed tax returns that stated she was "disabled" in 1990, "unemployed" in 1991, "loan officer" in 1992, and "retired" in 1993 and 1994. Provident Casualty also admitted into evidence Shaps's March 20, 1991 application to Federal Kemper Life Insurance Company for a life insurance policy. The application listed her occupation as a mortgage loan officer who was "between jobs." The application stated that Shaps received disability payments in the past for TMJ as a result of stress, but also stated that she was "doing fine," with respect to TMJ had "[n]o problems. Haven't seen doctor for 2 years," and that all of her tests were "normal." Shaps also affirmed on the forms that she had no "mental or physical impairment or disease." The forms were signed by Shaps, although she testified at trial that she did not intend to make the statements contained in the forms.

For her part, Shaps presented the testimony of two health care providers that she saw during the 1990-94 period. Ethel Green, a social worker who Shaps saw

6

from 1990 to 1992, testified that Shaps exhibited the symptoms of general anxiety disorder, but stated that she could not testify as a medical expert as to whether Shaps was disabled as a result of TMJ syndrome. John Girard, an internist Shaps began seeing in 1992, also testified. He stated that he had no medical knowledge as to whether Shaps was disabled before he saw her in 1992, but said that Shaps was disabled from June 1992 through June 1995. Shaps also pursued at trial her separate claim that she was denied benefits between September 8, 1995, and April 6, 1996, in breach of her insurance contract. Among other things, Shaps presented the testimony of her oncologist, Gerald Spunberg, who testified that Shaps was totally disabled as a result of breast cancer. Shaps's psychotherapist, Beth Kreakower, testified that it was her opinion that Shaps was unable to perform her duties as a loan officer from the time Shaps began seeing her in April 1995 until Shaps moved to California in April 1996.

At the close of the evidence, the trial court directed verdicts in favor of Provident Accident on the counts remaining against it -- breach of contract and specific performance -- and in favor of Provident Casualty on the count for specific performance. However, the court permitted the jury to consider the remaining claims involving the breach of contract allegations against Provident Casualty. In a special verdict, the jury determined that Shaps was not continuously disabled

7

within the terms of her Provident Casualty disability policy from September 10, 1990 through October 23, 1994, and thereby rejected her first claim for relief. With respect to her second claim, the jury determined that Shaps was continuously disabled from September 8, 1995 through April 6, 1996, but denied relief because it found that she had failed to comply with certain conditions precedent. The district court entered final judgment in favor of Provident Accident and Provident Casualty, and awarded costs to the defendants.

Shaps appealed to this Court, arguing that the district court committed multiple errors warranting a new trial. In our earlier opinion, we found all of Shaps's objections to the trial to be unpersuasive, except one which we could not decide at the time -- that is, whether the district court erred by determining that a rule of Florida law placing the burden of proof on the insurer in this context was inapplicable because that rule is substantive and the substantive law of New York, not Florida, governed the case. See Shaps, 244 F.3d at 888. Accordingly, we did not completely resolve the appeal, and instead certified this issue to the Florida Supreme Court.

II.

We now must determine, in light of the Florida Supreme Court's answer to our certified questions, whether the district court erred in applying New York law

8

to the burden of proof question in this case. We review the district court's choice of law de novo. See Trumpet Vine Invs., N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996).

As we noted in our earlier opinion, the basis of the district court's jurisdiction was diversity and suit was filed in Florida, so the district court was required to apply Florida's conflict-of-law rules. See, e.g., Maryland Cas. Co. v. Williams, 377 F.2d 389, 392 (5th Cir. 1967) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 1021-22, 85 L. Ed. 1477 (1941)).[2] Under Florida's conflict-of-law rules, the doctrine of lex loci contractus directs that, in the absence of a contractual provision specifying governing law, a contract, other than one for performance of services, is governed by law of the state in which the contract is made. See Fioretti v. Mass. Gen. Life Ins. Co., 53 F.3d 1228, 1235 (11th Cir. 1995). The contract here was executed in New York, and the parties do not dispute that New York law governs the interpretation and application of the contract.

Florida's conflict-of-law rules also direct, however, that procedural issues are controlled by the law of the forum, which in this case, is Florida. See Strauss

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

v. Sillin, 393 So. 2d 1205, 1206 (Fla. 2d Dist. Ct. App. 1981). The parties vigorously disagreed as to whether the Florida law governing burden of proof recognized in Fruchter v. Aetna Life Ins. Co., 266 So. 2d 61 (Fla. 3d Dist. Ct. App. 1972), cert. discharged, 283 So. 2d 36 (Fla. 1973), is procedural or substantive, and in turn, whether it applies to the instant case. This issue is significant because in a situation like this, where the insurer begins to pay total disability benefits to an insured but later ceases to pay benefits based on a belief that the insured is not disabled, the Florida law, unlike the New York law, places the burden of proof on the insurer, requiring it to "establish by the preponderance of the evidence that the condition of the insured is such that he no longer comes within the purview of the policy in this regard." Fruchter, 266 So. 2d at 63 (citation omitted). Because we were uncertain whether the Florida courts viewed the Fruchter burden of proof rule as procedural or substantive for conflict-of-law purposes, we certified this issue to the Florida Supreme Court, and asked specifically whether this rule is part of the procedural law of Florida.

The Florida Supreme Court conclusively determined, upon review of our certified questions, that the Fruchter burden of proof rule is a procedural issue for conflict-of-law purposes. See Shaps, 826 So. 2d at 254-55. In so holding, the court reviewed the procedural posture of the Fruchter case. In Fruchter, the Third

10

District Court of Appeal held that the trial court erred in failing to instruct the jury that the insurer had the burden of establishing that the total disability within the insurance policy had ceased. See 266 So. 2d at 62. The insurer then sought review by certiorari, which the Florida Supreme Court denied because it "fail[ed] to find conflict and accordingly discharge the writ as improvidently issued." Fruchter, 283 So. 2d at 37. In explaining its reasons for discharging the writ, the Florida Supreme Court also stated that it upheld "the Third District's correct application and continued viability as a matter of substantive law of the holdings in Lecks[3] and Ewing[4] and the district court's reversal and remand of the cause for a new trial." Id. at 37-38 (emphasis added).

After giving an overview of the Fruchter decisions in its response to our certified questions, the Florida Supreme Court determined that its earlier language in Fruchter, suggesting that the burden of proof rule is substantive, see id., does not constitute binding precedent. See Shaps, 826 So. 2d at 253. It observed that a "denial of certiorari . . . cannot be construed as a determination of the issues presented in the petition . . . and cannot be utilized as precedent." Id. (quoting Southern Bell Tel. & Tel. Co. v. Bell, 116 So. 2d 617, 619 (Fla. 1959)).

---

[3]New York Life Ins. Co. v. Lecks, 165 So. 50 (Fla. 1936).

[4]Mutual Life Ins. Co. v. Ewing, 10 So. 2d 316 (Fla. 1942).

Turning to the crux of the certified question, the Florida Supreme Court next addressed whether <u>Fruchter</u>'s burden of proof rule is substantive or procedural for conflict-of-law purposes. <u>Id.</u> at 254. The court began by acknowledging that in Florida, burden of proof generally is a procedural issue. <u>Id.</u> The court then applied the definitions of substantive law -- which "prescribes duties and rights" -- and procedural law -- which "concerns the means and methods to apply and enforce those duties and rights" -- to the rule at issue. <u>Id.</u> (citation omitted). Finding that "burden of proof clearly concerns the means and methods to apply and enforce duties and rights under a contract," the court concluded that it found "no reason to depart from this general rule for conflict-of-law purposes." <u>Id.</u> As a result, the court answered our certified question by holding that the <u>Fruchter</u> burden of proof rule is a procedural issue for conflict-of-law purposes.[5] <u>Id.</u> at 254-55.

Applying the Florida Supreme Court's response to this appeal, we are constrained to conclude that because burden of proof is part of the procedural law of Florida, and because Florida's conflict-of-law rules require its courts to apply the procedural laws of Florida, the Florida burden of proof rule is applicable here. Under this rule, because Provident Casualty had paid disability benefits to Shaps

---

[5]Because the court answered our first certified question in the negative, it found it "unnecessary" to answer our second certified question. <u>Shaps</u>, 826 So. 2d at 255.

before it determined that she was not disabled and discontinued paying her benefits, the burden is on the insurer -- i.e., Provident Casualty -- to prove that Shaps was not disabled.  See Fruchter, 266 So. 2d at 63.  It therefore follows that the district court erred in applying the New York burden of proof law that places the burden on Shaps to prove that she was still disabled.

Accordingly, we vacate the district court's entry of judgment in favor of Provident Casualty on the breach of contract claim and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.