826 So.2d 250 (2002)
Audrey SHAPS, Appellant,
v.
PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, et al., Appellees.
No. SC01-558.
Supreme Court of Florida.
August 29, 2002.
*251 Howard Grossman of Grossman & Goldman, Boca Raton, FL; and Edward D. Schuster of Massey, Coican & Schuster, Fort Lauderdale, FL, for Appellant.
John E. Meagher and Jeffrey M. Landau of Shutts & Bowen LLP, Miami, FL, for Appellees.
QUINCE, J.
We have for review two questions of Florida law certified by the United States Court of Appeals for the Eleventh Circuit as determinative of a cause pending before that court and for which there appears to be no controlling precedent. Specifically, the Eleventh Circuit has certified the following questions to this Court:
(1) IS THE BURDEN OF PROOF RULE RECOGNIZED IN FRUCHTER V. AETNA LIFE INSURANCE CO., 266 So.2d 61 (Fla. 3D DCA 1972), CERT. DISCHARGED, 283 So.2d 36 (Fla.1973), PART OF THE SUBSTANTIVE LAW OF FLORIDA, SUCH THAT IT WOULD NOT BE APPLIED IN A CASE WHERE UNDER FLORIDA'S DOCTRINE OF LEX LOCI CONTRACTUS THE SUBSTANTIVE LAW OF ANOTHER STATE (NEW YORK) GOVERNS THE PARTIES' CONTRACT DISPUTE?
(2) WOULD REQUIRING THE INSURED TO PROVE DISABILITY IN THIS CONTEXT VIOLATE THE PUBLIC POLICY OF FLORIDA, SUCH THAT THE BURDEN OF PROOF MUST BE PLACED ON THE INSURER? SEE GILLEN V. UNITED SERVICES AUTOMOBILE ASS'N, 300 So.2d 3 (Fla.1974)
Shaps v. Provident Life & Accident Insurance Co., 244 F.3d 876, 878 (11th Cir.2001). We have jurisdiction. See art. V, § 3(b)(6), Fla. Const. As explained below, we answer the first certified question in the negative and decline to reach the second certified question.
The facts and procedural history of this case are set forth in greater detail in the Eleventh Circuit's opinion. See Shaps, 244 F.3d at 878-82. Briefly stated and relevant to the issue before this Court, Audrey Shaps (Shaps) brought suit against Provident Life and Casualty Insurance Company (Provident Casualty) in federal district court, alleging two breaches of a disability insurance contract. In a special verdict the jury determined that Shaps was not continuously disabled within the terms of her disability policy from September 10, *252 1990, through October 23, 1994, and rejected her first claim for relief. As to her second claim, the jury determined that Shaps was continuously disabled from September 8, 1995, through April 6, 1996, but denied relief because it found she had failed to comply with certain conditions precedent. The district court entered final judgment in favor of Provident Casualty. On appeal to the Eleventh Circuit Shaps argued the district court committed multiple errors warranting a new trial. See id. at 878. The Eleventh Circuit found "all of Shaps' objections to be unpersuasive, save one that cannot be decided at this time." Id. The remaining issue the Eleventh Circuit referred to is presented in the certified questions.
The district court determined that Shaps had the burden of proof on the question of whether she was disabled, finding a Florida rule placing the burden of proof on the insurer inapplicable. According to the district court, the Florida burden of proof rule was inapplicable because the rule is substantive, and the substantive law of New York, not Florida, governs this case.[1] Shaps disagreed, and on appeal to the Eleventh Circuit contended the federal district court erred in finding the rule inapplicable. The Eleventh Circuit noted that the question of whether the Florida rule is substantive appears to turn in part upon proper characterization of this Court's decision in Aetna Life Insurance Co. v. Fruchter, 283 So.2d 36 (Fla.1973). The Eleventh Circuit questioned, however, "whether the opinion in Fruchter, which discharged a writ of certiorari as improvidently granted, constitutes binding Florida precedent." Shaps, 244 F.3d at 878.
The first certified question asks whether the burden of proof rule recognized in Fruchter v. Aetna Life Insurance Co., 266 So.2d 61 (Fla. 3d DCA 1972), cert. discharged, 283 So.2d 36 (Fla.1973), is part of the substantive law of Florida. In Fruchter, the insured became totally disabled and received payments from the insurer under his policy. At a later date the insurer terminated payments because an issue arose as to whether the insured continued to be totally disabled so as to be entitled to payments. Fruchter, 266 So.2d at 62. This issue was ultimately presented to a jury. At trial, the insured requested a jury instruction that the insurer had the burden of establishing by the greater weight of the evidence "that the insured was and is able to engage in an occupation for remuneration or profit and that total disability within the insurance policy had ceased." Id. The trial court refused this instruction and instead gave an instruction which placed the burden of proving continued disability on the insured. The jury found in favor of the insurer.
On appeal to the Third District Court of Appeal, the insured argued the trial court erred in refusing the requested jury instruction. The Third District agreed, noting the wording of the requested instruction "was sufficiently in conformity to the law pronounced in New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50 and Mutual Life Ins. Co. of New York v. Ewing, 151 Fla. 661, 10 So.2d 316, 317-318." Fruchter, 266 So.2d at 62. Relying on Leeks and Ewing, the Third District held:
Where, however, it is established, as in this case, that a permanent and total disability existed within the purview of the policy and the insurer seeks relief *253 from continuation of payment of indemnities theretofore paid under and within the purview of the policy the burden is on the insurer to establish by the preponderance of the evidence that the condition of the insured is such that he no longer comes within the purview of the policy in this regard. See New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50; DeVore v. Mutual Life Ins. Co. of New York, 103 Mont. 599, 64 P.2d 1071.
Fruchter, 266 So.2d at 63 (quoting Mutual Life Ins. Co. of N.Y. v. Ewing, 151 Fla. 661, 10 So.2d 316, 318 (1942)) (emphasis added).
The insurer sought review by certiorari, urging conflict with Rigot v. Bucci, 245 So.2d 51 (Fla.1971). In response this Court stated, "We fail to find conflict and accordingly discharge the writ as improvidently issued." Aetna Life Ins. Co. v. Fruchter, 283 So.2d 36, 37 (Fla.1973).[2] This Court continued, however, explaining the reasons for discharging the writ and upholding "the Third District's correct application and continued viability as a matter of substantive law of the holdings in Leeks and Ewing and the district court's reversal and remand of the cause for a new trial." 283 So.2d at 37-38.
The Eleventh Circuit has two concerns with respect to the first certified question. First, the Eleventh Circuit is unclear whether this Court's opinion in Fruchter constitutes binding precedent. We find this Court's opinion in Fruchter does not constitute binding precedent for the reasons that follow.
In the context of the denial of certiorari this Court has stated, "[W]e point out here again that denial of certiorari by an appellate court cannot be construed as a determination of the issues presented in the petition therefor and cannot be utilized as precedent or authority for or against the propositions urged or defended in such proceedings." Southern Bell Tel. & Tel. Co. v. Bell, 116 So.2d 617, 619 (Fla.1959) (citing Collier v. City of Homestead, 81 So.2d 201 (Fla.1955)); see also Carol City Utils., Inc. v. Dade County, 183 So.2d 227 (Fla. 3d DCA 1966); State v. Edwards, 135 So.2d 889 (Fla. 2d DCA 1961). In other words, a "denial of certiorari is not to be construed as an opinion on the merits of the petition." Johnson v. Florida Farm Bureau Cas. Ins. Co., 542 So.2d 367, 369 (Fla. 4th DCA 1988); see also Bing v. A.G. Edwards & Sons, Inc., 498 So.2d 1279 (Fla. 4th DCA 1986); Accent Realty of Jacksonville, Inc. v. Crudele, 496 So.2d 158 (Fla. 3d DCA 1986). The reasoning from these cases can be applied to the instant case because in neither the denial of certiorari nor the discharge of a writ of certiorari as improvidently issued does the appellate court decide or rule on the merits of the case. Thus, any discussion of the merits of the issue in Aetna Life Insurance Company, Inc. v. Fruchter, 283 So.2d 36 (Fla.1973), is dicta.
The Eleventh Circuit points out that several lower appellate courts in Florida have cited this Court's opinion in Fruchter. See, e.g., Mizrahi v. Provident Life & Accident Ins. Co., 748 So.2d 1059, 1060 (Fla. 3d DCA 1999); Derius v. Allstate Indem. Co., 723 So.2d 271, 273 (Fla. 4th DCA 1998); Principal Mut. Life Ins. Co. v. Martin, 585 So.2d 474, 475 (Fla. 3d DCA 1991). This does not change the fact that by discharging the writ in Fruchter, this Court effectively refused to rule on the *254 merits of the case. Therefore, for purposes of the certified question it is irrelevant whether other Florida courts have relied on or cited this Court's opinion in Fruchter.
Second, the Eleventh Circuit is "unclear whether the Florida Supreme Court's description in Fruchter of the burden-of-proof rule in that case as `substantive' was meant to establish that rule as an element of substantive Florida law for conflict-of-laws purposes." Shaps, 244 F.3d at 883. Because we have determined that our discussion in Fruchter is dicta, we find the description of the burden of proof rule cannot be read to establish that rule as an element of substantive Florida law for conflict-of-laws purposes.
Finally, the first certified question asks whether the burden of proof rule recognized in Fruchter v. Aetna Life Insurance Co., 266 So.2d 61 (Fla. 3d DCA 1972), cert. discharged, 283 So.2d 36 (Fla. 1973), is part of the substantive law of Florida. We look only to the Third District's decision to answer the certified question because we have determined this Court's discussion in Fruchter is not binding precedent. The burden of proof rule from the Third District's decision is that the burden is on the insurer to establish that the insured no longer comes within the purview of the policy in a situation where the insurer begins to pay disability benefits but later ceases to pay because it believes the insured is not disabled. Fruchter, 266 So.2d at 63. The Third District's decision does not address whether this burden of proof rule is part of the substantive law of Florida. Therefore, the issue as it relates to the certified question is whether in Florida the burden of proof is procedural or substantive for conflict-of-laws purposes.[3]
Although no Florida case has squarely addressed this issue, generally in Florida the burden of proof is a procedural issue. See Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 243 (Fla.1977) ("Burden of proof requirements are procedural in nature."); Ziccardi v. Strother, 570 So.2d 1319, 1321 (Fla. 2d DCA 1990) (modification of the burden of proof in a statute did not amount to substantive change in the law). This Court has explained, "[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights." Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla. 1994); see Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975). The burden of proof clearly concerns the means and methods to apply and enforce duties and rights under a contract and we find no reason to depart from this general rule for conflict-of-laws purposes.
Accordingly, we find that in Florida the burden of proof is a procedural issue *255 for conflict-of-laws purposes and answer the first certified question in the negative. Because we answer the first certified question in the negative, we find it unnecessary to reach the second certified question.
It is so ordered.
ANSTEAD, C.J., and SHAW, HARDING, WELLS, PARIENTE, and LEWIS, JJ., concur.
NOTES
[1] The insurance contract in this case was issued in New York and the parties do not dispute that New York law governs interpretation and application of the contract. See Shaps, 244 F.3d at 881. However, the parties "vigorously disagree as to what law governs the burden of proof in this case." Id.
[2] This Court also stated at the end of the opinion, "After a full consideration and arguments heard in the cause we have determined that the writ of certiorari was improvidently issued and accordingly the writ is hereby [d]ischarged." 283 So.2d at 38.
[3] "Under Florida's conflicts of law rules, the doctrine of lex loci contractus directs that, in the absence of a contractual provision specifying governing law, a contract, other than one for performance of services, is governed by law of the state in which the contract is made." Shaps, 244 F.3d at 881 (relying on Fioretti v. Massachusetts General Life Ins. Co., 53 F.3d 1228, 1235 (11th Cir.1995)). This Court has held that under lex loci contractus, the law of the jurisdiction where the contract was executed governs substantive issues regarding the contract. See Lumbermens Mutual Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988) (relying on Sturiano v. Brooks, 523 So.2d 1126, 1129 (Fla.1988)). Moreover, Florida conflict of laws jurisprudence directs that procedural issues are controlled by the law of the forum. See Hertz Corp. v. Piccolo, 453 So.2d 12, 14 (Fla.1984) ("If the Louisiana statute is procedural, then Florida law controls."); see also Strauss v. Sillin, 393 So.2d 1205, 1206 (Fla. 2d DCA 1981) ("In conflict of laws situations, matters of procedure are generally resolved by the law of the state in which the action has been instituted.").