COPE, J.
(concurring).
I concur in affirming the temporary support award and in declining to review, at this time, the interlocutory order upholding the prenuptial agreement.
That said, the transcript reveals a troubling issue regarding the prenuptial agreement which the trial court may wish to consider during further proceedings in the case. The wife testified that the husband misrepresented the effect of the prenuptial agreement. According to the wife, the husband said that she should not be concerned about the contents of the prenuptial agreement, that he would take care of her, and that the $50,000 provided for in the prenuptial agreement was a mere starting point, not a maximum payment. See TR. May 20, 2002, at 48, 65, 74. The wife only received the written prenuptial agreement shortly before the wedding ceremony. According to the wife’s testimony, the husband discouraged her from seeking advice of counsel and knew that she had obtained none.
Under the case law, “a spouse may set aside or modify an agreement by establishing that it was reached under fraud, deceit, duress, coercion, misrepresentation, or overreaching.” Casto v. Casto, 508 So.2d 330, 333 (Fla.1987) (emphasis added; citations omitted). The wife’s testimony (if believed by the trial court) would make the case for relief from the prenuptial agreement under Casto. This point has not previously been argued in the trial court.[1]
I make these observations only because the trial court’s order approving the prenuptial agreement is, at this stage, still an interlocutory order which the trial court is free to revisit during the proceedings or at the final hearing.[2] Naturally the question of whose testimony to believe is the prerogative of the trial court.

. In the proceedings thus far in the trial court, the wife argued a different kind of fraud — namely, that she did not have a fair understanding of the couple’s finances. The trial court found that there was no misrepresentation in that respect, and there is support in the record for that determination.

. Our denial of certiorari has no preclusive effect. See Shops v. Provident Life & Accident Ins. Co., 826 So.2d 250, 253 (Fla.2002).