POLSTON, J.,
dissenting.
I dissent to the majority’s answer to the certified question. I would answer the question, as phrased by the Eleventh Circuit, with a qualified affirmative. A policy may provide for anti-stacking, but only if the anti-stacking provision in a policy controlled by Florida law complies with section 627.727(9), Florida Statutes (2005). I could agree with the majority’s decision to answer the certified question in the negative if the. majority had rephrased it as follows:
WHETHER AN AUTOMOBILE INSURANCE POLICY, CONTROLLED BY FLORIDA LAW — ISSUED TO *252 THE NAMED INSUREDS RESIDING IN FLORIDA FOR A CAR THAT IS REGISTERED AND GARAGED IN DELAWARE — MAY VALIDLY PROVIDE THAT UNINSURED MOTORIST COVERAGE UNDER THAT POLICY MAY NOT BE COMBINED WITH UNINSURED MOTORIST COVERAGE PROVIDED BY A SEPARATE AUTOMOBILE POLICY ALSO ISSUED BY THE INSURER TO THE NAMED INSUREDS IN FLORIDA, WITHOUT SATISFYING SECTION 627.727(9), FLORIDA STATUTES.
Although I disagree with the majority’s answer to the question as certified, I agree with the majority that Florida law applies to the policy at issue because the Eleventh Circuit certified the question on the parties’ stipulation that Florida law applies under the lex loci contractus rule. The Delaware policy contains no choice of law provision that is applicable in this case; therefore, lex loci contractus was properly applied. See Shaps v. Provident Life & Accident Ins. Co., 826 So.2d 250, 254 n. 3 (Fla.2002) (“Under Florida’s conflicts of law rules, the doctrine of lex loci contractus directs that, in the absence of a contractual provision specifying governing law, a contract, other than one for performance of services, is governed by law of the state in which the contract is made.” (quoting Shaps v. Provident Life & Accident Ins. Co., 244 F.3d 876, 881 (11th Cir.2001))); State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1164 (Fla.2006) (“[Lex loci] will control absent some provision to the contrary.”).
Because Florida law applies, I agree with the majority’s analysis and application of section 627.727(9) to this case. Consequently, I agree that, because GEICO did not obtain the Randos’ requisite informed consent, the anti-stacking provision is not enforceable under Florida law.
Accordingly, although I agree with the majority’s analysis, I respectfully dissent to the majority’s negative answer to the certified question.