243 So.2d 221 (1970)
BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, Florida, Appellant,
v.
FRED HOWLAND, INC., a Florida Corporation, Appellee.
Nos. 70-71, 70-88.
District Court of Appeal of Florida, Third District.
November 10, 1970.
Rehearing Denied February 5, 1971.
*222 Bolles, Goodwin, Ryskamp & Ware, Miami, for appellant.
Heiman & Crary, William A. Meadows, Jr., and Robert L. Achor, Miller & Russell, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
This is an appeal and a cross appeal from a summary judgment as to liability in a suit brought by Fred Howland, Inc., a contractor, for damages from the Board of Public Instruction of Dade County, Florida. The suit grew out of a contract for the construction of a part of the Miami-Dade Junior College. The summary judgment is unusual in that it is predicated upon a stipulation which was made a part of the record by the trial judge in the introductory paragraph of the judgment. It is as follows: "Counsel for the parties conceded that the liability issues in this cause should be ruled upon by the court as a matter of law."
We point out the stipulation in order to eliminate any contention that the summary judgment should be reversed because there are genuine issues of material fact. The doctrine of invited error would prevent either party from contending that the trial judge ought not have decided the case upon established law as applied to the fact situation which he found from the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits. Geiser v. Permacrete, Inc., Fla. 1956, 90 So.2d 610; Wilson v. Milligan, Fla.App. 1962, 147 So.2d 618.
We have reviewed the record in this light and find that no error has been shown upon any assignment of error or any cross assignment of error.
Affirmed.

*223 ON PETITION FOR REHEARING
Appellant's petition for rehearing urges that our decision is contrary to the federal law as established in United States v. Rice, 317 U.S. 61, 63 S.Ct. 120, 87 L.Ed. 53. The petition states that appellant understands the sole issue to be "whether an owner is liable for delay damages caused by subsoil conditions which were unknown to both parties". The trial court held that "the contract does not preclude the plaintiff from seeking damages for delay occasioned by the sub-surface conditions".
Article A-14(b) of the contract now before the Court provided:
"The owner will endeavor to provide sub-surface information through the use of borings. If, in the course of the work, sub-surface conditions vary materially from the record indicated by the borings, the contractor shall give immediate notification, in writing, of such variation to the supervising architect, and the contract price shall be adjusted by agreement or arbitration at the request of either party to the contract."
As a basic proposition of law, clear and unambiguous language of a contract should be given no meaning other than that expressed therein and should be enforced in accordance with its terms. Paddock v. Bay Concrete Industries, Inc., Fla.App. 1963, 154 So.2d 313; 7 Fla.Jur., Contracts, Section 174, page 137 ff. The contractual instrument was of the defendant's choosing and as stated in the case of Florida State Turnpike Authority v. Industrial Construction Co., Fla.App. 1961, 133 So.2d 115, 117:
"* * * One fundamental general rule utilized by courts is that doubtful or ambiguous language of a contract is to be construed against the party who drew it or chose the language used, 7 Fla.Jur., Contracts, section 84, page 150, section 85, page 151, and section 87, page 152."
Defendant argues that the material provisions of the contract under study or consideration herein are similar to those in the standard federal contracts and for what persuasive authority such may represent we will reply to such argument.
The rationale of the Rice decision is contained in 317 U.S. 65, 63 S.Ct. 123 and states:
"We do not think the terms of the contract bound the government to have the contemplated structure ready for respondent at a fixed time. Provisions of the contract showed that the dates were tentative and subject to modification by the government. The contractor was absolved from payment of prescribed liquidated damages for delay, if it resulted from a number of causes including `acts of Government' and `unusually severe weather'. The government reserved the right to make changes which might interrupt the work, and even to suspend any portion of the construction if it were deemed necessary."
Absent the reservation clause, however, such rationale evaporates and that is the situation in the instant case where no such reservation clause is present in the provision [Article A-14(B)] pertaining to changed conditions.
For reasons set forth we adhere to the opinion previously filed.