ON MOTION FOR REHEARING
HOBSON, Acting Chief Judge.
Mildred Hunter appeals a final order which denied her motion for summary judgment and granted the motion for summary judgment of Employers Mutual Liability Insurance Company of Wisconsin. We affirm.
Below, the parties argued the issue of whether a rejection of uninsured motorist coverage under a fleet policy operated as a rejection under two subsequent fleet policies. They completely skirted the question of whether the rejection under the initial policy had been an informed and knowing rejection. In its final order, the trial court indicated that the parties had stipulated that there were no genuine issues of material fact and that they had requested it to decide solely the issue of law. In deciding as it did, the court agreed with appellee’s position that the later policies were mere “renewals” of the first policy and that, as a result, the rejection under the initial policy served as a rejection under the subsequent policies. See § 627.727(1), Fla.Stat. (1977).
Appellant now contends that the evidence presented by appellee below and stipulated to by the parties was not legally sufficient to establish that appellee had carried its burden of proving that the rejection under *200 the initial fleet policy had been knowing and informed.
Notwithstanding appellant’s assertion to the contrary, a fair reading of appellee’s cross-motion for summary judgment shows that appellee never assumed this particular burden.
In any event, the doctrine of invited error leads us to reject appellant’s argument. By agreeing with appellee to stipulate that there were no genuine issues of material fact, appellant, in essence, relieved appellee of its burden of conclusively showing the absence of any genuine issues of material fact and, at the same time, agreed to allow the trial court to resolve the dispute by applying the law to the facts as it found them. See Board of Public Instruction of Dade County v. Howland, 243 So.2d 221 (Fla. 3d DCA), cert. denied, 248 So.2d 167 (Fla.1971). It is not unreasonable to presume that the court, in rendering its decision, found that the parties had implicitly agreed that the rejection was knowing and informed since both parties had stipulated that there was “a rejection” under the initial policy and neither party had addressed the question of a knowing and informed rejection.
Appellant’s other argument is without merit.
AFFIRMED.
RYDER and CAMPBELL, JJ., concur.