438 So.2d 950 (1983)
STONEWALL INSURANCE COMPANY, Appellant,
v.
Edward HETER, Appellee.
No. 82-1494.
District Court of Appeal of Florida, Fourth District.
October 5, 1983.
Clark J. Cochran, Jr., of Hainline, Billing, Cochran & Heath, P.A., and Nancy Little Hoffman of Law Offices of Nancy Little Hoffman, Fort Lauderdale, for appellant.
Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, and Jon E. Krupnick *951 of Krupnick & Campbell, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Stonewall Insurance Company appeals from final summary judgments which determined liability in favor of the appellee on his claim for excess uninsured motorist coverage and determined the limits of such coverage.
Appellee, Edward Heter, sustained personal injuries while driving his own car in the course of his employment with Buning the Florist, Inc. (Buning). Buning carried three layers of liability insurance: a policy with Lumbermen's Mutual Insurance Company (Lumbermens) which included uninsured motorist coverage with limits of $15,000/$30,000, a policy with Northeastern Fire Insurance Company (Northeastern) with limits of $235,000/$470,000 but no uninsured motorist coverage because Buning had rejected such coverage with this carrier, and an umbrella policy with appellant which afforded liability coverage up to $3,000,000 but made no mention of uninsured motorist coverage. After the adverse motorist's insurance carrier became insolvent, appellee filed suit against Lumbermens, Northeastern and appellant claiming uninsured motorist benefits. Appellee voluntarily dismissed Lumbermens and the trial court entered a summary judgment in favor of Northeastern because of Buning's rejection of uninsured motorist coverage with that carrier.
Appellant and appellee filed motions for summary judgment. Appellee submitted an affidavit wherein he averred that his employer required him to use his personal automobile to drive to various suppliers to purchase flowers and that his employer promised to pay for repairs and maintenance to the vehicle as well as fuel necessary for its operation. He also asserted that his employer had "hired" his vehicle. The trial judge entered a final summary judgment determining that appellant's umbrella insurance policy afforded uninsured motorist coverage to appellee and also determined that such coverage would begin at $10,000, the amount of the retained limits under the policy, rather than the stated lower limits of $250,000.
Appellant makes several alternative arguments in support of its contention that appellee did not come within the insuring provisions of its policy. First, appellant argues that appellee did not come within the policy definition of either a named insured, a designated insured or an additional insured. Second, appellant contends that coverage could only be based upon the finding that appellee's vehicle constituted a "hired vehicle." Therefore, even if this finding is correct, the exclusionary language of the policy excluded appellee from coverage as the owner of the hired vehicle. Finally, appellant contends that even if coverage could be found under appellant's policy, the trial court erred in determining that the coverage began at $10,000 rather than at $250,000.
The definition section of appellant's insurance policy contains the following language:
II. DEFINITIONS:
A. Insured  the unqualified word "Insured" includes the Named Insured and also includes:
(1) except with respect to liability arising out of ownership, operation, maintenance, use, loading and unloading of automobiles, aircraft or watercraft  any director, stockholder, officer, or other employee of the Named Insured, while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the Named Insured. If the Named Insured is a partnership or joint venture, any partner or member thereof but only with respect to his liability as such;
(2)... .
(3) with respect to any automobile owned by the named insured or hired for use by or on behalf of the Named Insured, ... . The insurance afforded by this subdivision (3), with respect to any person or organization other than the Named Insured does not apply:

*952 (a)... .
(b)... .
(c) with respect to any hired automobile, aircraft or watercraft, to the owner or lessee thereof, other than the Named Insured, or any employee of such owner or lessee.

Appellant relied upon Trinity Universal Insurance Co. v. Cincinnati Insurance Co., 513 F.2d 915 (6th Cir.1975) and USF & G v. Perry, 361 So.2d 594 (Ala.App. 1978), in which the courts held that the mere provision of gasoline for an employee's vehicle used in company business did not make the car a hired vehicle for insurance purposes. In those cases, however, the company use of the car was occasional and non-compulsory. Here, Buning required appellee to supply a car for daily company use as a condition of employment. The record demonstrates sufficient evidence to support the trial court's conclusion that appellee's automobile constituted a "hired vehicle" within the meaning of the policy.
Appellant alternatively argues that even if we construe appellee's automobile as a "hired automobile" that paragraph II A(3)(c) excludes appellee from coverage because of his ownership of the vehicle. Obviously such a construction would place appellee in the proverbial "Catch 22" situation. Paragraph (3) affords coverage to any vehicle "owned by the named insured" or "hired" for use by or on behalf of the named insured. Paragraph (3)(c) purports to exclude coverage from any person or organization other than the named insured with respect to any "hired vehicle." However, the language of the policy removes the operation of the exclusion from the named insured or any employee of such "owner or lessee." Appellant argues that it did not intend to extend coverage to the owner of a vehicle leased by the named insured or to the employees of that lessor. We find this contention reasonable, but here the appellee is an employee of the named insured and coincidentally the owner of a vehicle "hired" by the named insured. The policy is at least ambiguous in that it fails to clearly address this situation and the trial judge so found. In addition, the language of the policy can be fairly construed to afford coverage to an employee under these circumstances. Since we have concluded that the trial court properly found that appellee's vehicle constituted a "hired vehicle" then Buning logically became the lessee of that vehicle. The policy affords coverage to an employee of such owner or lessee. Therefore it is apparent that the trial court correctly found that appellant's policy afforded coverage to appellee.
Lastly, we agree with appellant's argument that the trial court erred when it established the amount of the retained limits ($10,000) as the floor of appellant's excess uninsured motorist coverage. The trial court's conclusion is in direct conflict with this Court's opinion in First State Insurance Company v. Stubbs, 418 So.2d 1114 (Fla. 4th DCA 1982), pet. for review denied, 426 So.2d 26, 29 (Fla. 1983), which involved facts parallel to the case sub judice and wherein this Court found that
the court erred by requiring First State to shoulder a heavier burden than would have been imposed by the statute in the first instance. First State's excess policy provided a bottom limit of $100,000 for bodily injury coverage, yet the trial court went below this figure and established a $10,000 base. We think this was incorrect. First State's uninsured motorist coverage is coextensive with its liability coverage and, therefore, we hold that First State's excess indemnity policy provides underinsured motorist coverage for any damages sustained by Mr. Stubbs over and above $100,000.
Id. at 1115-1116.
We hold that appellant's liability under its uninsured motorist coverage extends only for such damage sustained by appellee that exceeds the sum of $250,000 to the extent of its stated limits of liability in the amount of $3,000,000. We recognize that the trial court did not have the benefit of our opinion in First State when it entered its order determining that the excess uninsured motorist coverage would begin at $10,000.
*953 Accordingly, we affirm the summary judgment which determined uninsured motorist coverage in favor of the appellee and reverse the order of the trial court which determined that appellant's excess insurance would take effect at $10,000 the amount of the retained limits of the policy.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN, J., concurs.
HURLEY, J., concurs specially with opinion.
HURLEY, Judge, concurring specially.
I, too, conclude that the owner exclusion clause in the Stonewall policy is ambiguous. Consequently, I concur that it is inoperative against employees of Buning the Florist, the named insured.
Subsection (3) of the definitional portion of the policy is the only possible source of insurance coverage in this case. It states, in general terms, that any person who uses an automobile, owned or hired by Buning the Florist, is insured under the policy if the automobile is used with Buning's permission. The owner exclusion clause modifies subsection (3) by excluding certain individuals from coverage. It states, "with respect to any hired automobile, [the insurance afforded by subdivision (3) does not apply] to the owner or lessee thereof, other than the Named Insured, or any employee of such owner or lessee."
The wording of the owner exclusion clause is deceptively simple, yet its application is confoundedly complex. To illustrate, applying the clause by its plain meaning, it produces the following results in these scenarios:
1. A person using a hired automobile is excluded from coverage if he is the owner of the automobile, unless he is Buning the Florist, the named insured, in which event this exclusion does not apply.
2. A person using a hired automobile is excluded from coverage if he is the lessee of the automobile, unless he is Buning the Florist, the named insured, in which event this exclusion does not apply.
3. A person using a hired automobile is excluded from coverage if he is an employee of the owner of the automobile, unless the owner is Buning the Florist, the named insured, in which event this exclusion does not apply.
4. A person using a hired automobile is excluded from coverage if he is an employee of the lessee of the automobile, unless the lessee is Buning the Florist, the named insured, in which event this exclusion does not apply.
Applying these formulations to the case at bar, it is apparent that # 1 and # 4 conflict. Mr. Heter, as the automobile's owner, is excluded from coverage under formulation # 1. However, as an employee of Buning, the named insured and also the lessee of the automobile, Mr. Heter is covered. Such an irreconcilable conflict constitutes an ambiguity which should be construed against the insurer. "Where two interpretations may fairly be made, the one allowing the greater coverage will prevail." Travelers Insurance Co. v. C.J. Gayfer's & Co., 366 So.2d 1199, 1201 (Fla. 1st DCA 1979). Accordingly, I concur in the determination that owner exclusion clauses are not operative against employees of the named insured. See Carolina Casualty Insurance Co. v. Underwriters Insurance Co., 569 F.2d 304 (5th Cir.1978); Wellman v. Liberty Mutual Insurance Co., 496 F.2d 131 (8th Cir.1974); Trinity Universal Insurance Co. v. Farmers Mutual Automobile Insurance Co., 309 F.2d 283 (7th Cir.1962); Maryland Casualty Co. v. Continental Casualty Co., 189 F. Supp. 764 (N.D.W.Va. 1960); contra Providence Washington Insurance Co. v. Alaska Pacific Assurance Co., 603 P.2d 899 (Alaska 1979).