526 So.2d 1012 (1988)
Logan M. JONES, Jr., Appellant,
v.
GREENLEE CONSTRUCTION COMPANY, Thomas Greenlee and Bobbie Jean Greenlee, Appellees.
No. 87-1211.
District Court of Appeal of Florida, Second District.
June 15, 1988.
Samuel G. Crosby of Miller, Crosby & Miller, P.A., Lakeland, for appellant.
No appearance for appellees.
RYDER, Acting Chief Judge.
The facts of this case pertinent to this appeal are as follows. Appellant owned sixteen residential lots in Polk County. He sold seven of those lots to appellees for *1013 $73,500.00. The transaction was effected by a purchase money agreement for deed which required appellees to provide a down payment of 2% of the purchase price.[1] The same day the agreement for deed was executed, appellant delivered to appellees $27,000.00 and appellees executed a promissory note for that amount in favor of appellant. The money was a real estate construction loan.
The contemplated development went sour. Appellee Greenlee Construction Company filed suit against appellant alleging breach of contract, fraud, conversion and theft, and negligence. Appellant filed a counterclaim[2] seeking reformation [see footnote 1], foreclosure, and damages on the promissory note.
Following a trial on the merits, the trial court found against appellee Greenlee Construction Company on its complaint and found in favor of appellant on appellant's counterclaim. The trial court specifically found that "the entire principal balance plus accrued interest on both the agreement for deed and the construction loan are in default." Subsequent to the final judgment, the trial court entered a final judgment in foreclosure finding appellant due $70,000.00 principal, $6,614.45 interest, $396.33 court costs, and $9,000.00 attorney's fees on the agreement for deed. The court also ordered foreclosure. We affirm the trial court's orders up to this point. The property was sold and appellant was the successful bidder.
Appellant then filed a motion for case management conference, asserting that the court never granted the relief requested in Count III of his counterclaim: damages on the promissory note. A hearing was held, and the trial court entered an order denying a recovery under Count III based on the court's belief it would amount to "double recovery." This appeal timely followed.
Appellant argues that the trial court erred in holding that recovery on the promissory note would constitute double recovery and that the trial court erred in basing its ruling on double recovery because the issue was never raised in the pleadings. We agree with appellant on his first point and, accordingly, need not reach his second.
The agreement for deed and the promissory note were completely separate obligations. The agreement for deed concerned real property. The promissory note secured money loaned by appellant to appellees for the purpose of constructing improvements on said real property. There were two separate documents, securing two separate debts. Appellant should have been allowed to pursue a remedy for each. After the trial court's finding that appellees were in default on both obligations, the final judgment against appellees in favor of appellant should have included amounts for both the agreement for deed and the promissory note.
The trial court was apparently concerned that appellant, as successful bidder at the foreclosure sale, would receive the property, the house and the $27,000.00. The court misconstrued the effect of appellant's successful bid at the sale upon the judgment against appellee. If a judgment creditor successfully bids at a foreclosure sale in an amount less than the amount of the outstanding judgment, he is not entitled to a deficiency judgment in the amount of the difference. He is entitled to a deficiency judgment in the amount (if any) of the outstanding judgment minus the fair market value of the property acquired. Wilson v. Adams & Fusselle, Inc., 467 So.2d 345 (Fla. 2d DCA 1985).
Appellant had a contract with appellees for the sale of property. If appellees had not defaulted, appellant would have received that for which he bargained: $73,500.00 plus interest. Appellant also loaned appellees $27,000.00. If appellees had not defaulted, appellant would have received the $27,000.00 plus interest. The trial *1014 court erred in not allowing appellant to obtain a judgment against appellees for both debts. Subsequent collection efforts (such as foreclosure) do not affect appellant's entitlement to a judgment on both obligations after the trial court's finding of default.
The trial court's order denying appellant judgment for damages on the promissory note is reversed and set aside and the cause remanded for a hearing on the amount of damages and entry of a conforming order thereafter.
Affirmed in part, reversed in part and remanded with instructions.
CAMPBELL and LEHAN, JJ., concur.
NOTES
[1] The agreement for deed was reformed by the trial court's order granting partial summary judgment to include a clause requiring appellee to make monthly payments.
[2] The counterclaim was also a third party claim which brought into this action as third party defendants Thomas Greenlee and Bobbie Jean Greenlee.