788 So.2d 278 (2000)
Andras SERFOZO, Appellant,
v.
THE TRAVELERS INDEMNITY COMPANY, INC., Appellee.
No. 4D00-594.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
Rehearing Denied December 22, 2000.
Horace Moore, Sr. of the Law Office of Horace Moore, Sr., Gainesville, for appellant.
John P. Joy and Jane Anderson of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellee.
*279 KLEIN, J.
Appellant was injured in an accident in Florida, while driving a truck owned by his employer, a corporation headquartered in Georgia. In this suit, appellant seeks declaratory relief to determine whether he has uninsured motorist coverage under a policy issued by Travelers to his employer. The trial court granted Travelers' motion for summary judgment on the ground that this suit, filed more than two years after the accident, was barred by Georgia's statute of limitations. We affirm.
Travelers motion for summary judgment, arguing that Georgia law applied, was accompanied by affidavits stating that appellant's employer was a Georgia corporation with its principal place of business in Georgia, that the insurance policy was issued by a Georgia agent in Georgia, and that all of the vehicles covered by the policy were registered and primarily garaged by the employer in Georgia.
Travelers relies on Lumbermens Mutual Casualty Co. v. August, 530 So.2d 293 (Fla.1988), in which an insured was injured in an accident in Florida and sought UM coverage under a policy issued to her grandmother, with whom the insured lived, in Massachusetts. The insured sued in Florida almost five years after the accident, and the Florida Supreme Court held that the claim was barred by the Massachusetts three-year statute of limitations, citing Colhoun v. Greyhound Lines, Inc., 265 So.2d 18 (Fla.1972)(the place where the contract is completed is where the cause of action accrues). In Lumbermens the Supreme Court rejected the insured's argument that the location of the tort was dispositive.
Appellant argues that North Carolina law should apply because Travelers is regionally headquartered in North Carolina, and the policy was signed by Travelers in North Carolina. We disagree. Bennett v. Granite State Ins. Co., 526 So.2d 187 (Fla. 3d DCA 1988)(Georgia law applicable where insurance policy was delivered in Georgia to a Georgia resident whose principle place of business was located in Georgia).
We agree with the trial court's conclusion that the Georgia statute of limitations was applicable and therefore affirm.
DELL and GROSS, JJ., concur.