855 So.2d 187 (2003)
GREAT AMERICAN INSURANCE COMPANIES, Appellant,
v.
Peter R. SOUZA, individually and as Personal Representative of the Estate of Daley W. Souza for the benefit of Margo Souza and Ariel Souza, as surviving minor daughters, and Peter R. Souza, as surviving spouse, and the Estate of Daley W. Souza, Melbourne Airport Authority, Melbourne Airport Shuttle and Taxi, Inc., and Rebecca Lee Dorsey, Appellees.
No. 4D02-1414.
District Court of Appeal of Florida, Fourth District.
September 10, 2003.
*188 Holly S. Harvey and Mark D. Bohm of Thornton, Davis & Fein, P.A., Miami, for appellant.
Roy W. Jordan, Jr. of Roy W. Jordan, Jr., P.A., West Palm Beach, for appellee Melbourne Airport Authority.

APPELLEE CITY OF MELBOURNE AIRPORT AUTHORITY'S MOTION FOR REHEARING EN BANC, CLARIFICATION, OR CERTIFICATION AND APPELLANT'S MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
We deny appellee City of Melbourne Airport Authority's Motion for Rehearing En Banc, Clarification, or Certification. We grant appellant's Motion for Rehearing or Clarification, and as a result, withdraw our previous opinion and substitute this new opinion in its place for the purpose of clarification.
Great American Insurance Company ("Great American") issued a liability policy to the Melbourne International Airport Authority ("the Authority"). Daley Souza landed in Melbourne and hired a car operated by Melbourne Shuttle, which has a facility in the airport terminal. Souza was killed when a dump truck collided with the car approximately thirty-five miles from the airport.
Souza's estate sued the driver of the car, Melbourne Shuttle, and the Authority. The allegations against the Authority rest on the theory that Melbourne Shuttle and its employees were apparent agents of the Authority. Great American sought a declaratory judgment that it had no duty to defend the Authority in the wrongful death suit on the basis of an exclusion contained in its policy with the Authority. The exclusion relied on states that the policy does not cover bodily injury or property damage caused by or arising out of:
[a]ny auto owned or operated by or on behalf of an insured while off the airport unless responding to any aircraft or aviation emergency.
Both parties filed motions for summary judgment. We review an order granting the Authority's motion for summary judgment. We reverse and remand for entry of summary judgment in favor of Great American.
This case turns on the interpretation of the phrase "on behalf of." The trial court held that the phrase was ambiguous because it was not defined. Because it was ambiguous, the court concluded, it must be construed to provide the broadest coverage. See Stonewall Ins. Co. v. Heter, 438 So.2d 950 (Fla. 4th DCA 1983); see also Meister v. Utica Mut. Ins. Co., 573 So.2d 128 (Fla. 4th DCA 1991). We disagree.
The failure to define a term does not in itself mean that the term is ambiguous. State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla.1998) *189 ("The lack of a definition of an operative term in a policy does not necessarily render the term ambiguous and in need of interpretation by the courts.") (citing Container Corp. of Am. v. Md. Cas. Co., 707 So.2d 733, 736 (Fla.1998); Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135, 1139 (Fla.1998)). Regarding the rules of construction the trial court applied, this court has written:
[c]ourts should resort to complex rules of construction to determine coverage or the applicability of exclusions only when the language used in the policy is ambiguous or otherwise susceptible of more than one meaning. Absent such factors courts should apply the plain meaning of words and phrases used in a policy of insurance.
Southeastern Fire Ins. Co. v. Lehrman, 443 So.2d 408, 408-09 (Fla. 4th DCA 1984).
The plain meaning of the phrase "on behalf of" is "as the agent of, on the part of." American Heritage Dictionary of the English Language (4th ed.2000). Thus, operating the vehicle "on behalf of" the Authority encompasses the alleged agency theory, and the exclusion bars coverage in this case.
Additionally, because this opinion results in the reversal of the summary judgment in favor of the Authority, it can no longer be considered a prevailing party entitled to recover attorney's fees from Great American. Therefore, the Judgment for Attorney's Fees and Costs in the Authority's favor is also reversed.
REVERSED and REMANDED for entry of summary judgment in favor of Great American.
GUNTHER, STONE and STEVENSON, JJ., concur.