909 So.2d 593 (2005)
Winona ELLIS, Appellant,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.
No. 2D04-4575.
District Court of Appeal of Florida, Second District.
September 2, 2005.
*594 Timothy W. Weber of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Appellant.
Scot E. Samis and David J. Abbey of Abbey, Adams, Byelick, Kiernan, Muller & Lancaster, L.L.P., St. Petersburg, for Appellee.
LEVENS, WILLIAM P., Associate Judge.
Winona Ellis seeks review of the final summary judgment, which determined that her cause of action for uninsured motorist ("UM") benefits was barred by Georgia's two-year tort statute of limitations. Although the relevant insurance policy was issued and delivered in Georgia, we conclude that a Georgia court would rely on Florida's tort statute of limitations if this action had been filed in Georgia. Accordingly, under Florida's borrowing statute,[1] we hold that this action is controlled by a four-year statute of limitations. Because Ellis's action was filed within this period, we reverse and remand for further proceedings.
On October 12, 1999, a vehicle driven by Tami G. Lafon merged from the middle lane of State Road 55 in Pinellas County, Florida, to the left lane and collided with a vehicle driven by Winona Ellis. The impact of the collision caused Ellis's vehicle to cross the middle lane and collide with a third vehicle in the right turn lane. Lafon was cited for careless driving. At the time of the accident, all three of the drivers resided in Florida.
On October 2, 2003, Ellis filed a complaint in Florida against Lafon seeking damages arising from the accident. Ellis also sued United Services Automobile Association ("USAA") seeking UM benefits pursuant to an insurance policy issued to Ellis's mother, Susan, in Georgia in June 1999. At the time the policy was issued, Ellis's mother was a resident of Georgia, and the vehicle Ellis was driving was registered to her mother and listed on the policy as being principally garaged in Georgia.[2] Ellis was not listed as a driver on the policy until two days after the accident. In its answer, USAA raised the Georgia statute of limitations as one of several affirmative defenses. Ellis filed a reply that generally denied all of the affirmative defenses but did not allege an avoidance of any kind.
USAA sought summary judgment, arguing that the action is barred under Florida's borrowing statute because the cause of action arose in Georgia and would have been barred by Georgia's two-year statute of limitations for tort actions, see O.C.G.A. § 9-3-33 (1999). The trial court granted USAA's motion for summary judgment and entered judgment in favor of USAA.
Just prior to entry of the final judgment in favor of USAA, Lafon and Ellis entered into a settlement agreement, and the court entered an order dismissing the case as to Lafon. Ellis filed a timely appeal of the judgment in favor of USAA. The issue on appeal concerns the timeliness of Ellis's contractual claim for UM benefits.
The nature of a UM claim lends itself to both a contractual and a tort analysis because *595 the UM carrier pays contractual benefits as a result of another party's tort. In order to preserve the UM carrier's subrogation rights against the tortfeasor when those rights are valuable, a tort action must be commenced against the tortfeasor within the tort statute of limitations. However, despite the necessity of a timely tort action, the liability of the UM carrier ultimately depends upon the insurance contract. Thus, there are probably reasons to use a tort statute of limitations for UM claims, reasons to use a contractual statute of limitations, and reasons to simply create a specific statute of limitations for UM claims.
Not all states have resolved this issue in the same manner. See A.S. Klein, Annotation, Automobile Insurance: Time Limitations as to Claims Based on Uninsured Motorist Clause, 28 A.L.R.3d 580 (1969). The Florida Supreme Court has considered using the four-year tort statute of limitations for UM claims but opted for the five-year contractual period. Woodall v. Travelers Indem. Co., 699 So.2d 1361, 1362 n. 2 (Fla.1997). Thus, in Florida, the failure to file a timely suit against the tortfeasor might result in a claim of prejudice by the UM carrier, but it does not prevent an action for UM benefits that is filed more than four years but less than five years from the date of the accident. Robinson v. Auto Owners Ins. Co., 718 So.2d 1283 (Fla. 2d DCA 1998).
If the Florida five-year statute of limitations for UM claims against insurance policies issued in this state applied, there is no question that this action would be timely as to USAA. However, Florida's borrowing statute precludes the maintenance of a cause of action that arose in another state if the action is barred by the statute of limitations that applies to the action in that state. § 95.10, Fla. Stat. (1999). In Florida, the doctrine of lex loci contractus determines where a cause of action for UM benefits arose.[3]See Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988); Serfozo v. Travelers Indem. Co., 788 So.2d 278, 279 (Fla. 4th DCA 2000). Under this doctrine, the cause of action arose where the contract was executed, which in this case is Georgia. Id. Because this cause of action arose in Georgia, we must determine whether this action would be barred if filed in Georgia to determine if Florida's borrowing statute precludes its maintenance.
Georgia does not have a specific statute providing a statute of limitations for UM claims. Instead, it is one of those states that protects the UM carrier's subrogation rights by applying the tort statute of limitations to UM claims. See Bohannon v. J.C. Penney Cas. Ins. Co., 259 Ga. 162, 377 S.E.2d 853, 853 (1989); Vaughn v. Collum, 236 Ga. 582, 224 S.E.2d 416, 416 (1976). Normally, Georgia applies its own tort statute of limitations because that is where the tort cause of action arose. See, e.g., Bohannon, 259 Ga. 162, 377 S.E.2d 853; Vaughn, 236 Ga. 582, 224 S.E.2d 416. However, an examination of Georgia case law indicates that Georgia courts would apply a longer out-of-state tort statute of limitations so long as that longer statute continued to protect the UM carrier's subrogation rights without placing the UM carrier in a better position than the tortfeasor. See Stout v. Cincinnati Ins. Co., 269 Ga. 611, 502 S.E.2d 226 (1998); United States Fid. & Guar. Co. v. Reid, 268 Ga. 432, 491 S.E.2d 50 (1997). Thus, we can fulfill the legitimate interests recognized *596 by both Georgia and Florida using an analysis that relies on Georgia law, which in turn relies upon the Florida tort statute of limitations.
In Reid, the Georgia Supreme Court held that a plaintiff may serve[4] a UM carrier after the expiration of the two-year tort statute of limitations when the plaintiff timely refiled the underlying tort action pursuant to Georgia's renewal statute. 491 S.E.2d at 51-52. In so ruling, the court noted that the service requirement for the UM carrier was dependent upon the existence of a valid cause of action against the tortfeasor. Id. at 52. Because the UM carrier was served within the time allowed for service on the tortfeasors pursuant to Georgia's renewal statute, the service was valid. Id.
In Stout, the Georgia Supreme Court rejected the argument that Reid is inconsistent with cases applying Georgia's tort statute of limitations and creates an unwarranted exception to those cases. 502 S.E.2d at 228. The court stated that Georgia case law requires that "the uninsured motorist carrier (UMC) `must be served within the time allowed for valid service on the defendant in the tort action.'" Id. (quoting Bohannon, 377 S.E.2d at 853). The court noted that Reid was consistent with this holding by requiring that the UM carrier "be served within the same time period as is applicable to the defendant in the underlying lawsuit." Id. The court explained that its decision was consistent with the purpose of the service requirement, which was to provide notice of the existence of the tort action in which it may ultimately have a financial responsibility. Id. at 227. "Although the [UM carrier] should not be placed in a worse position than the alleged tortfeasor for whose negligence it may ultimately be held financially responsible, it likewise should not be placed in a better position." Id. at 227; see also Malave v. Allstate Ins. Co., 246 Ga.App. 783, 541 S.E.2d 420, 422 (2000).
Thus, Georgia courts direct the application of the statute of limitations applicable to the defendant in the underlying tort action to the UM carrier in the same action. Because Ellis served USAA within Florida's four-year tort statute of limitations for service of Lafon, the defendant in the underlying tort action, the action was timely as to USAA under Georgia law. To hold otherwise would directly contravene well-settled Georgia law requiring that the UM carrier not be placed in a better position than the tortfeasor.
We are aware of Serfozo v. Travelers Indemnity Co., 788 So.2d 278 (Fla. 4th DCA 2000), in which the Fourth District applied Georgia's two-year tort statute of limitations to a UM carrier in an analogous case. It was prudent for the trial court to rely on that decision. Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992). On the other hand, it appears that the Fourth District did not fully consider the nature of the Georgia statute of limitations but merely assumed that the two-year tort statute of limitations applied.
As we stated above, Georgia courts direct the application of the statute of limitations applicable to the defendant in the underlying tort action to the UM carrier in the same action. Thus, our decision today appears to conflict with the Fourth District's *597 decision in Serfozo as to the proper length of the statute of limitations in Georgia for such a cause of action. We decline to certify conflict with the Fourth District on a question of Georgia law, leaving to the supreme court itself the issue of whether differing results on such an issue constitute a basis for it to invoke its discretionary jurisdiction.
In conclusion, under the doctrine of lex loci contractus, Ellis's cause of action against USAA for UM benefits arose in Georgia because the insurance contract was executed in Georgia. Accordingly, Florida's borrowing statute applies. Pursuant to Florida's borrowing statute, we must look to Georgia law to determine if Ellis's cause of action is barred by the applicable statute of limitations. Georgia law provides that the applicable statute of limitations period is the time allowed for service of the defendant in the underlying tort action, which in this case was Florida's four-year tort statute of limitations. Since Ellis's cause of action is not barred by the statute of limitations that applies in Georgia, the trial court erred in determining that it will not be maintained in Florida. Accordingly, we reverse the summary judgment in USAA's favor and remand for further proceedings.
Reversed and remanded.
ALTENBERND and WALLACE, JJ., Concur.
NOTES
[1] § 95.10, Fla. Stat. (1999).
[2] Ellis gave a St. Petersburg address for her mother to the officer taking the accident report, but the record does not reflect that USAA was aware that Ellis's mother had relocated to Florida with the vehicle sometime between June and October 1999.
[3] Ellis argues that summary judgment was improper because there is a question of fact regarding whether an exception to the doctrine of lex loci contractus should apply in this case, but we reject that argument without discussion.
[4] Georgia law requires plaintiffs to serve UM carriers with tort actions in which they are interested parties but does not make UM carriers party defendants. See O.C.G.A. § 33-7-11(d) (1999); Bohannon v. Futrell, 189 Ga. App. 340, 375 S.E.2d 637, 639 (1988). Once served, the UM carrier has the option of assuming the status of a party or participating indirectly in the tortfeasor's name. Bohannon, 375 S.E.2d at 639-40. The service requirement in section 33-7-11 is a prerequisite to the collection of UM benefits. Id. at 640.