BARBAS, REX MARTIN, Associate Judge.
Anita and Harold Herman seek review of a final summary judgment which determined that their claim for uninsured motorist (“UM”) benefits was barred by the Georgia two-year statute of limitations applicable to personal injury actions. The judgment was rendered on January 12, 2005. Subsequently this court decided Ellis v. United Services Automobile Ass’n, 909 So.2d 593 (Fla. 2d DCA 2005), which held on similar facts that Florida’s four-year statute would apply. Because Ellis[1] controls the outcome here, we reverse and remand for further proceedings.
The Hermans were Georgia residents visiting, in Florida on May 1, 2001, when they were involved in an automobile accident. They were injured and their car was damaged allegedly due to the fault of an underinsured motorist. They were insured under a policy issued by State Farm in Georgia which included coverage for damage caused by uninsured/underinsured motorists. State Farm refused to pay their UM claim, and the Hermans filed suit in Pinellas County, Florida, on February 2, 2004. State Farm raised the Georgia two-year statute of limitations as a bar to the Hermans’ action. The trial court agreed and granted State Farm’s motion for summary judgment.
The trial court did not have the benefit of this court’s decision in Ellis when it granted the summary judgment motion. Ellis also involved an automobile insurance policy issued in Georgia and a claim for UM benefits for an accident occurring in Florida. Since the facts are almost identical to those presently before this court, we adopt the reasoning and language of the Ellis court:
[Ujnder the doctrine of lex loci contrac-tus, Ellis’s cause of action against USAA for UM benefits arose in Georgia because the insurance contract was executed in Georgia. Accordingly, Florida’s borrowing statute applies. Pursuant to Florida’s borrowing statute, we must look to Georgia law to determine if Ellis’s cause of action is barred by the applicable statute of limitations. Georgia law provides that the applicable statute of limitations period is the time allowed for service of the defendant in the underlying tort action, which in this case was Florida’s four-year tort statute of limitations. Since Ellis’s cause of action is not barred by the statute of limitations that applies in Georgia, the trial *1293 court erred in determining that it will not be maintained in Florida.
Id. at 597.
We reverse the summary judgment in State Farm’s favor and remand for further proceedings.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., Concur.

. In Ellis, 909 So.2d at 596-97, we noted an apparent conflict with Serfozo v. Traveler’s Indemnity Co., 788 So.2d 278 (Fla. 4th DCA 2000), involving a question of Georgia law, but declined to certify the conflict to the Florida Supreme Court. We also decline to certify the conflict here.