987 So.2d 724 (2008)
Denis LANOUE, Appellant,
v.
David M. RIZK, Appellee.
No. 3D07-1470.
District Court of Appeal of Florida, Third District.
June 25, 2008.
*725 Icard, Merrill, Cullis, Timm, Furen & Ginsburg and Charles J. Bartlett, Sarasota, for appellant.
Salomon, Kanner, Damian & Rodriguez and Vincent E. Damian, Jr., Miami, for appellee.
Before COPE, RAMIREZ, and SUAREZ, JJ.
COPE, J.
The question before us is whether the lender's suit on a promissory note is barred by the statute of limitations. The main point of disagreement is whether the choice of law is that of Florida or Ontario, Canada.
David M. Rizk (the lender) loaned $72,500 to Denis Lanoue (the debtor), Southfork Restaurant, Inc., and a third person who is not a party to these proceedings (collectively, the borrower group). The loan was to be used for the Southfork Grill Bar Restaurant in Key Biscayne.
The borrower group executed a promissory note in favor of the lender on October *726 17, 1997, in the amount of $72,500. The note was executed in Ottawa, Ontario, Canada. While the note did not have a choice of law provision, it contained a statement that "[f]or prepayment terms and special conditions the terms of a General Security Agreement between the parties and dated October 17, 1997 shall be read in conjunction with this note and all said terms shall apply to this note."
The parties simultaneously executed the general security agreement which described the collateral for the loan and called for any prepayment of the loan principal to be made in Ottawa. The general security agreement contained a choice of law provision which stated that "This Agreement shall be governed in all respects by the laws of the Province of Ontario and the State of Miami." (Emphasis added).
The note was due one year from the date of its execution which would have been October 17, 1998. The note was not paid when due but interest payments were made until October 24, 2003. Southfork Restaurant, Inc. is now a dissolved corporation.
The lender filed the instant action against the debtor on October 5, 2005. The debtor answered and raised the affirmative defense of the statute of limitations. He also argued that only the law of Ontario should apply since there is no such jurisdiction as the "State of Miami." His position was that the reference to "State of Miami" must be stricken out and disregarded, leaving solely the law of Ontario to govern the transaction.
The lender and debtor each filed a motion for summary judgment. The main issues were (a) what law applies, and (b) whether the statute of limitations was tolled. The lender argued that the reference to the "State of Miami" was a scrivener's error which should be read to mean the State of Florida. The lender contended that the statute of limitations was governed by Florida law, and that the Florida statute of limitations was tolled until October 24, 2003, when the last late payment was made. See § 95.051(f), Fla. Stat. (2003).[1] On that analysis, the lawsuit was timely filed. The trial court agreed and entered summary final judgment against the debtor for $98,636.67. This appeal follows.

The scrivener's error
As an initial matter we agree with the trial court that the common sense reading of the choice of law provision in the security agreement meant the Province of Ontario and the State of Florida, not the "State of Miami." The lender attached to the summary judgment motion the Uniform Commercial Code financing statement, the fictitious name registration and the Florida corporate documents, all of which were filed with the Florida Secretary of State in Tallahassee, to support his argument that the reference to the "State of Miami" was a scrivener's error and should have been the State of Florida. The debtor has made no plausible argument or showing that the reference should have been to the City of Miami. Therefore, the choice of law provision should be treated as referring to the law of the Province of Ontario and the State of Florida.

The choice of law
After correction of the scrivener's error, the specific choice of law is the law of two jurisdictions: the Province of Ontario and the State of Florida. Unfortunately, there *727 is a conflict of law between the two jurisdictions on the statute of limitations as relates to this case. We therefore apply choice of law principles to resolve the conflict.
Because the lawsuit is pending in Florida, we look to Florida's choice of law rules. See Jemco, Inc. v. United Parcel Serv., Inc., 400 So.2d 499, 500 (Fla. 3d DCA 1981) ("The forum court applies its own conflict of law rule respecting the contract to make the initial determination of the law to be applied."); 10 Fla. Jur.2d Conflict of Laws § 9, at 345 (2003) (same).
For causes of action arising in contract, Florida adheres to the doctrine of lex loci contractus. State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1163 (Fla.2006); Herman v. State Farm Mut. Auto. Ins. Co., 923 So.2d 1291, 1292 (Fla. 2d DCA 2006); Ellis v. United Servs. Auto. Ass'n, 909 So.2d 593, 595 (Fla. 2d DCA 2005). Lex loci contractus looks to the place where the contract was executed. Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988). For contract cases, lex loci contractus will determine the applicable statute of limitations. Id. We conclude that the Lumbermens rule applies to this contract action. The law of Ontario governs the statute of limitations.
The Ontario statute of limitations supplied by the parties contains a provision stating, "In the case of a claim for payment of a liquidated sum, part payment of the sum by the person against whom the claim is made or by the person's agent has the same effect as the acknowledgment referred to in subsection (10)." Ontario Limitations Act, 2002, S.O. 2002, c. 24, Sched. B, § 13(11).[2] Under this language, the limitation period is tolled as to the person who made the late payment, whether that was done personally or through an agent.
In the present case, the summary judgment record does not reveal who made the late payments. Without that information, it is impossible to determine whether the statute of limitations was tolled under the Ontario tolling statute. We must therefore reverse the summary judgment and remand for further proceedings. This ruling is without prejudice to either side to file a new motion for summary judgment on a more fully developed record. If any further authority exists regarding interpretation of the Ontario statute of limitations, the parties may call it to the trial court's attention.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] The identical Florida tolling statute was in effect at the time of the loan (1997) and the time of the last payment. The parties have not addressed which date is controlling, and in the present case it makes no difference.
[2] Subsection (10) requires certain acknowledgments of indebtedness to be in writing.