37 So.3d 358 (2010)
Eugene SIMS and Christine Sims, Appellants,
v.
NEW FALLS CORPORATION, Appellee.
No. 3D08-133.
District Court of Appeal of Florida, Third District.
May 26, 2010.
Rehearing Denied July 7, 2010.
*359 Allan B. Kaiser, for appellants.
Haley, Sinagra, Paul & Toland and J.T. Haley, for appellee.
Brigham Moore and John W. Little III, West Palm Beach, Goldman Felcoski & Stone and Robert W. Goldman, Naples, for The Real Property Probate & Trust Law Section of The Florida Bar, as amicus curiae.
Before COPE, SHEPHERD, and ROTHENBERG, JJ.
SHEPHERD, J.
The question in this case is whether a choice of law provision contained in a mortgage, expressly stating it governs that document alone, also governs a separate suit on a promissory note executed simultaneously as part of the same transaction. In the balance lies the validity of a money judgment obtained on the promissory note by the current note holder, New Falls Corporation, against the original borrowers and appellants here, Eugene and Christine Sims. Application of the choice of law provision mandated by the mortgage, Georgia, will result in an affirmance of the final judgment. The alternative choice, Florida law, necessitates reversal of the final judgment. Our study of the promissory note and mortgage documents, in conjunction with the applicable law, leads us to conclude Florida law applies to the action brought by New Falls and that under Florida law, the plaintiffs' action is barred by that state's statute of limitations.
Eugene and Christine Sims ("the borrowers") are Florida residents, who, in 1998, executed a promissory note in the sum of $50,000, secured by a second mortgage[1] on property owned by the borrowers in Alpharetta, Georgia. Within a short time thereafter, the Sims defaulted on both the first and second mortgage loans. The first mortgagee foreclosed on its mortgage and, on February 1, 2000, the property was sold to satisfy the first mortgage lien. The lien of the second mortgage was extinguished. On April 21, 2001, *360 New Falls, the assignee of the original lender on the promissory note and mortgage, accelerated the payments due on the note. On January 4, 2007, New Falls brought suit on the note in the Miami-Dade County Circuit Court. Soon thereafter, the parties filed cross-motions for summary judgment on the dispositive choice of law issue.[2]
The appellee, New Falls, does not dispute there are two instruments involved in this case. Nor can there be any dispute that while the subject matter of those instruments was the same, namely a $50,000 loan to Sims, there actually were two entirely separate transactions. On the one hand, there was a mortgage involving real property. On the other hand, there was a promissory note involving money. See Jones v. Greenlee Constr. Co., 526 So.2d 1012, 1013 (Fla. 2d DCA 1988) (noting an agreement for a deed and promissory note were separate obligations). It follows that upon the Sims' default, New Falls (or its predecessor) enjoyed the option of either foreclosing on the Georgia collateral or separately seeking a money judgment on the promissory note. Mellor v. Goldberg, 658 So.2d 1162, 1163 (Fla. 2d DCA 1995). In this case, the lender elected to stand mute and allow its collateral for the loan to be extinguished by the first mortgage in the Georgia foreclosure action. As assignee to the promissory note, New Falls then filed a perfectly permissible action against Sims for the sum due on the promissory note. Id. Notably, the promissory note was the only document attached to New Falls' complaint.
An examination of the promissory note clearly shows it is silent as to the applicable choice of law. Recognizing, on cross-motions for summary judgment, that because Florida follows the doctrine of lex loci contractus to the choice of law issue,[3] Florida choice of law rules potentially would lead to the extinguishment of the action on the promissory note, New Falls resurrected the abandoned mortgage instrument and argued the following choice of law provision in the mortgage also governs the note:
13. Governing Law; Severability. The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable.
*361 (emphasis added). In order to impute this provision to the promissory note, providing Georgia law as the applicable choice of law, New Falls relies on the one reference to the security deed in the promissory note which states, "In addition to the protections given to the Note Holder under this Note, a Security Deed, dated February 5, 1998, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note."[4]
For two reasons, such an imputation of Georgia law into the promissory note is erroneous. First, the express unambiguous language of the choice of law provision states it applies only to the security deed and, secondly, the doctrine of mutual constructionurged upon us by New Fallscannot be invoked when the express agreement of the parties is clear and unambiguous.
New Falls relies on the first sentence of the governing law provision in the security deed to argue Georgia law applies to this Florida case. To use this sentence to import Georgia law into the promissory note, one necessarily must ignore the two highlighted words, "this Deed," by which the parties expressly stated that the provision applies only to the security deed.
It is settled law in Florida that a court may resort to the process of interpretation only when the words used in a contract are unclear. McGhee Interests, Inc. v. Alexander Nat'l Bank, 102 Fla. 140, 135 So. 545, 547 (1931) ("Ambiguities should arise from the words used in a contract before this court may resort to interpretation or construction to ascertain the intention of the parties to it."); Great Am. Ins. Cos. v. Souza, 855 So.2d 187, 189 (Fla. 4th DCA 2003); Boat Town U.S.A., Inc. v. Mercury Marine Div. of Brunswick Corp., 364 So.2d 15, 17 (Fla. 4th DCA 1978) (citing Bd. of Pub. Instruction of Dade County v. Fred Howland, Inc., 243 So.2d 221 (Fla. 3d DCA 1971)). This is as true of notes and mortgages as it is of other types of contracts. Brumick v. Morris, 131 Fla. 46, 178 So. 564 (938); see also 37 Fla. Jur. 2d Mortgages and Deeds of Trust § 93 (2004) ("A mortgage is generally governed by the same rules of interpretation that apply to written instruments or contracts generally and to deeds particularly.") (footnotes omitted). The words used in the choice of law provision in the mortgage in this case admit no ambiguity and, therefore, the provision is inapplicable to the promissory note.
It also is urged upon this Court that "the doctrine of mutual construction" permits the importation of the sentiment of the choice of law provision in the second mortgage into the promissory note. The doctrine provides that "two documents executed by the same parties as part of a single transaction regarding the same subject matter must be read and construed together...." 37 Fla. Jur. 2d Mortgages and Deeds of Trust § 94 (2004). However, it may not be invoked to override the clear and unambiguous expression of agreement of the parties to a transaction. See McGhee, 135 So. at 548. There is no ambiguity, latent or otherwise, in the documentation we have been asked to review.
Our decision that there exists no lawful vehicle to transport the choice of law provision in the second mortgage into the promissory note is finally supported by an opinion of the Federal National Mortgage *362 Association and the Federal Home Loan Mortgage Corporation (FNMA/FHLMC), the drafter of both documents, graciously supplied to us with an amicus brief filed at our invitation by the Real Property Probate & Trust Law Section of the Florida Bar.[5] The FNMA and FHLMC letter to the Section, reads in full as follows:
We received a copy of the Court's communication dated October 14, 2008, requesting that the Florida Bar file an amicus curiae brief in the above case. To assist you in responding to the Court's request for an explanation as to why the Note identified as FNMA/ FHLMC Uniform InstrumentGeorgia Second Mortgage (the "Note") is silent on choice of law while the Security Deed identified as FNMA/FHLMC Uniform InstrumentGeorgia Second Mortgage (the "Security Deed") contains a choice of law provision, we can provide some insight.
The choice of law provision in the Security Deed was inserted with the expectation that enforcement of the mortgage loan would occur through a foreclosure action in which the Note reflecting the indebtedness and the Security Deed reflecting the security for repayment of that indebtedness would be considered together as an integrated contract and that the choice of law provision in the Security Deed would govern the enforcement of the Note. We intended that if a suit to enforce the Note were maintained separately from an action to foreclose on the property under the terms of the Security Deed, the applicable law would be determined by the choice of law provisions of the forum jurisdiction.
If you have any further questions about the Uniform Instruments, please feel free to call ...
(emphasis added). The suit filed by New Falls in this case is indisputably "a suit to enforce the note ... separately from an action to foreclose on the property under the terms of the Security Deed." Application of the guidance received from FNMA/ FHLMC and Florida's choice of law rules requires the application of Florida law to the issue before us. Thus, Florida's statute of limitations prohibits New Falls' prosecution of this case.
Reversed and remanded with directions to enter judgment for the borrowers.
ROTHENBERG, J., concurs.
COPE, J. (dissenting).
The question in this case is what state's law applies to a note secured by a mortgage, where both instruments were executed simultaneously as part of the same transaction, and the mortgage contains a choice of law provision but the note does not. I conclude that the same choice of law applies to both.
Eugene and Christine Sims ("the borrowers") are Florida residents who obtained a $50,000 loan in 1998. They executed a note and second mortgage which was placed on the borrowers' Georgia real estate.[6] The borrowers signed the note and mortgage while traveling to New Jersey. The original lender was a California corporation and the payments were to be made to an address in California. The *363 appellee New Falls Corporation is the current holder of the note ("note holder").
The borrowers failed to pay the first mortgage loan. The first lender foreclosed and the property was sold in 2000. The second mortgage was extinguished at that time. In 2001, the borrowers received a written demand and notice of acceleration of the principal balance of the $50,000 note.
In 2007, the note holder filed suit on the promissory note in Miami. The borrowers argued that Florida law applies to the note and that the suit is time-barred under Florida's statute of limitations. The note holder argued that Georgia law applies and that the suit was timely because the applicable Georgia statute of limitations is six years. The trial court ruled that the suit was timely and entered summary judgment in favor of the note holder. The borrowers have appealed.
The note in this case is silent on the choice of law. The mortgage provided in substance that Georgia law governs.[7] The note states that it is secured by the mortgage and the mortgage states that it is given to secure the note.[8]
This court invited the views of the Real Property Probate & Trust Law Section of The Florida Bar on the legal issues presented, including the question why the FNMA/FHLMC note is silent on choice of law. The Federal National Mortgage Association ("FNMA") and Federal Home Loan Mortgage Corp. ("FHLMC") provided a letter to the Section which was included in its brief.[9]
The letter of FNMA/FHLMC to the Section explains:
To assist you in responding to the Court's request for an explanation as to why the Note identified as FNMA/ FHLMC Uniform InstrumentGeorgia Second Mortgage (the "Note") is silent on choice of law while the Security Deed identified as FNMA/FHLMC Uniform InstrumentGeorgia Second Mortgage (the "Security Deed") contains a choice of law provision, we can provide some insight.
The choice of law provision in the Security Deed was inserted with the expectation that enforcement of the mortgage loan would occur through a foreclosure action in which the Note reflecting the indebtedness and the Security Deed reflecting the security for repayment of that indebtedness would be considered together as an integrated contract and that the choice of law provision in the Security Deed would govern the enforcement of the Note. We intended that if a suit to enforce the Note were maintained separately from an action to foreclose on the property under the terms of the Security Deed, the applicable law would be determined by the choice of law provisions of the forum jurisdiction.
The Section's amicus brief states that "[t]he legal reason why the form promissory *364 note is silent as to choice of laws and does not incorporate by reference the terms of the security deed appears to be that the inclusion of such terms could affect the negotiable status of the note." Holly Hill Acres, Ltd. v. Charter Bank of Gainesville, 314 So.2d 209, 211 (Fla. 2d DCA 1975); see also §§ 673.1041(1)(c), 673.1061(1)(b),(c), Fla. Stat. (1997).
The Section went on to say:
In sum, the Section cautions that in phrasing any ruling care be taken to avoid the implication that Florida judicially incorporates the terms of a security deed or mortgage into a note. This is because incorporation of the terms of the mortgage would arguably destroy the negotiability of promissory notes and open all foreclosure actions to otherwise barred collateral defenses. A reading of the note and security deed in pari-materia with one another, determining the "intent of the parties," a ruling based on the application of Florida's choice of law provisions, or on the difference between Fla. Stat. § 673.1181 and Ga. Stat. § 11-3-118(a), does not seem to have such far reaching implications.
(Emphasis added).
With the benefit of those observations I turn to the choice of law issue. The borrowers point out that Florida follows the doctrine of lex loci contractus, which holds that "in the absence of a contractual provision specifying governing law, a contract, other than one for performance of services, is governed by law of the state in which the contract was made." Shaps v. Provident Life & Accident Ins. Co., 826 So.2d 250, 254 n. 3 (Fla.2002) (citation and internal quotation marks omitted). "For contract cases, lex loci contractus will determine the applicable statute of limitations." Lanoue v. Rizk, 987 So.2d 724, 727 (Fla. 3d DCA 2008), review denied, 6 So.3d 52 (Fla. 2009); see also Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988); Johnson v. Allstate Ins. Co., 961 So.2d 1113, 1114 (Fla. 2d DCA 2007). If the Florida statute of limitations applies, the lawsuit is time-barred.
The lender argues that this case falls within the exception to the doctrine of lex loci contractus. The doctrine applies "in the absence of a contractual provision specifying governing law[.]" Shaps, 826 So.2d at 254 n. 3. The lender contends that under the doctrine of mutual construction, the note and mortgage must be read in pari materia. The lender maintains that when so read, the conclusion is inescapable that Georgia law applies.
In my view, the lender is correct. The note and mortgage were executed at the same time and as part of the same transaction. They must be construed in pari materia.
"The doctrine of mutual construction, by which two documents executed by the same parties as part of a single transaction regarding the same subject matter must be read and construed together, applies to mortgages and the notes they secure." 37 Fla. Jur. 2d Mortgages and Deeds of Trust § 94, at 216 (2004). The doctrine has been applied in Florida in the context of notes and mortgages for over a hundred years. See Jackson v. Parker, 153 Fla. 622, 15 So.2d 451, 459 (1943); Webster v. 759 Riverside Ave., Inc., 113 Fla. 8, 151 So. 276, 278-79 (1933); Oates v. Prudential Ins. Co. of Am., 107 Fla. 224, 144 So. 418, 421 (1932); Huggins v. Whitaker, 100 Fla. 600, 129 So. 857, 858 (1930); Graham v. Fitts, 53 Fla. 1046, 43 So. 512, 513-14 (1907); Sardon Found. v. New Horizons Serv. Dogs, Inc., 852 So.2d 416, 420 (Fla. 5th DCA 2003); Mellor v. Goldberg, 658 So.2d 1162, 1164 (Fla. 2d DCA 1995); Collins v. Citrus Nat'l Bank, 641 So.2d 458, 459 (Fla. 5th DCA 1994); Biersack v. Oaks Renting, *365 Inc., 606 So.2d 439, 442 (Fla. 2d DCA 1992); Stockman v. Burke, 305 So.2d 89, 90 (Fla. 2d DCA 1974); Policastro v. Rudt, 180 So.2d 472, 473 (Fla. 2d DCA 1965).
"[W]here a note evidencing a debt and a mortgage to secure its payment are executed at the same time in one transaction, and the mortgage refers to the note, they should be considered together in determining their meaning and effect." Taylor v. Am. Nat'l Bank of Pensacola, 63 Fla. 631, 57 So. 678, 685 (1912) (internal quotation marks and citation omitted). The instruments are "construed together so that the intent of the parties can be determined and carried out." Grier v. M.H.C. Realty Corp., 274 So.2d 21, 22 (1973).
While the doctrine of contemporaneous construction is a tool for contract interpretation, it in no way implies that the terms of the mortgage are incorporated into the note or vice versa. The Florida Supreme Court has said:
`While it is true that, where a note evidencing a debt and a mortgage to secure its payment are executed at the same time in one transaction, and the mortgage refers to the note, they should be considered together in determining their meaning and effect, this does not mean or imply that the provisions of one of such instruments are to be imported bodily into the other. Considered together or construed together simply means that, if there be any provisions in one of such instruments limiting, explaining or otherwise affecting the provisions of the other, they will be given effect as between the parties themselves and all persons charged with notice, so that the intention of the parties may be carried out, and the entire agreement actually made in the contemporaneous transaction may be effectuated.'
Spadaro v. Baird, 97 Fla. 50, 119 So. 788, 790 (1929) (citation omitted) (emphasis added).[10]
Clearly the present case involved a Georgia transaction. The second mortgage was placed on Georgia real estate. Georgia intangible tax was paid on the mortgage document. The mortgage specified that Georgia law would apply. It is illogical to suppose that in specifying Georgia law, the parties intended two sets of laws to apply: Georgia law to a foreclosure suit and Florida law to a suit on the note.
Reading the two instruments together, I agree with the trial court that Georgia law applies to the note as well as the mortgage. That being so, summary judgment was correctly entered in favor of the note holder.
NOTES
[1] The mortgage is entitled "SECURITY DEED" and bears the following notation at its foot: "GEORGIASECOND MORTGAGE 1/80FNMA/FHLMC UNIFORM INSTRUMENT." For ease of reference we will refer to it as the second mortgage. An identically worded notation appears at the foot of the promissory note.
[2] If the Florida statute of limitations applies, this suit is time-barred. § 95.11(2)(b), Fla. Stat. (2007) (providing a five-year statute of limitations period for "a legal or equitable action on a contract, obligation, or liability founded on a written instrument"). If the Georgia statute of limitations applies, this suit will be timely. § 9-3-24, Ga.Code (2007) (providing a six-year statute of limitations period for "all actions upon simple contracts in writing").
[3] Under the doctrine of lex loci contractus, "in the absence of a contractual provision specifying governing law, a contract, other than one for performance of services, is governed by law of the state in which the contract was made." Shaps v. Provident Life & Accident Ins. Co., 826 So.2d 250, 254 n. 3 (Fla.2002) (citation and internal quotation marks omitted); Lanoue v. Rizk, 987 So.2d 724, 727 (Fla. 3d DCA 2008) ("For contract cases, lex loci contractus will determine the applicable statute of limitations."). The Sims were Florida residents at the time of the execution of the note and mortgage. Although they actually signed the documents while traveling to New Jersey, there is no contention made that the place of contract was New Jersey.
[4] It should be initially noted that this statement in the promissory note does not incorporate the security deed into the promissory note, but merely references the security deed. See Holly Hill Acres, Ltd. v. Charter Bank of Gainesville, 314 So.2d 209, 211 (Fla. 2d DCA 1975).
[5] We also solicited an amicus brief from FNMA/FHLMC. Apparently, the FNMA/ FHLMC chose to respond through the Section. We thank both the Section and FNMA/ FHLMC for their assistance in this case.
[6] The mortgage is entitled "SECURITY DEED" and bears the notation "GEORGIASECOND MORTGAGE1/80FNMA/ FHLMC UNIFORM INSTRUMENT." For ease of reference I will refer to it as the second mortgage.
[7] The mortgage states: "The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located." The property is located in Georgia.
[8] The Note states:

5. THIS NOTE SECURED BY A DEED
In addition to the protections given to the Note Holder under this Note, a Security Deed, dated February 05, 1998, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.
The mortgage states that it is given "TO SECURE to Lender the repayment of the indebtedness evidenced by the Note [dated February 5, 1998]...."
[9] I concur in expressing appreciation to the Section, FNMA, and FHLMC for expressing their views on the issue presented here.
[10] The fact that the note and mortgage make reference to each other is permissible and does not destroy the note's negotiability. Holly Hill Acres, 314 So.2d at 211 n. 4.